CORINNE MCKENNA'S CASE.

Androscoggin.    Opinion March 14, 1918.

*Right of Industrial Accident Commission to make certain rules and regulations fixing the dates when medical attendance shall be furnished.    General rule as to right of Commission to make rules not inconsistent with statute.*

The Workmen's Compensation Act, providing that during the first two weeks after the injury the employer shall furnish reasonable medical and hospital services, etc.   (R. S., Chap. 50, Sec. 10), the Industrial Accident Commission exceeds its powers in making a rule that such services shall be furnished during the two weeks succeeding the date of incapacity arising from the injury.

The power of the Commission to make rules is limited to such as are not inconsistent with the Workmen's Compensation Act (R. S., Chap. 50, Sec. 29).

Where, upon an appeal, a modification of the decree in equity made in accordance with an order or decision of the commission or its chairman is found necessary and neither such order or decision nor the evidence reported present sufficient facts to enable either the Law Court or the sitting Justice to determine the extent of the modification to be made, the case will be remanded to the Commission for its determination.

An appeal from decree of single Justice sustaining the findings of the Industrial Accident Commission.    Judgment in accordance with opinion.

Case stated in opinion.

*H. E. Belleau,* and *Dana S. Williams,* for claimant.

*Edward C. Stone,* of *Sawyer, Hardy, Stone & Morrison,* for respondents.

SITTING:    CORNISH, C. J., SPEAR, KING, BIRD, HANSON, JJ.

BIRD, J.   The claimant in this case received her injury on the eleventh day of September, 1916.   The Industrial Accident Commission found that disability began on the eighteenth day of September, 1916, and, in conformity to the rule of the commission held that "the date of the accident will be considered as of September 18th,"

and ordered that medical bills, not exceeding thirty dollars, covering the fourteen days following September 18th be paid by respondent.

The rule referred to is "no compensation shall be due an injured employee until fourteen days of disability shall have elapsed. For example; A is injured on January first but continues to work until January fifteen, when he becomes incapacitated from the injury received on January first. Compensation does not begin until fourteen days have elapsed beginning with January fifteen. Medical services accordingly." The commission is empowered, among other things, to make rules and regulations not inconsistent with "The Workmen's Compensation Act" or other laws of the State for the purpose of carrying out the provisions of the act, R. S., Chap. 50, Sec. 29.

Is this rule within the powers of the Commission?

"Sec. 10. During the first two weeks after the injury the employer shall furnish reasonable medical and hospital services, and medicines when they are needed, but the amount of the charge for such services and medicines shall not exceed the sum of thirty dollars, unless in case of major surgical operations being required, and the employer and employee being unable to agree upon the same, the amount to be allowed for such medical services or medicines shall be fixed by the commission upon petition by either party setting forth the facts." R. S., Chap. 50, Sec. 10.

The commission interprets the last sentence of its rule "medical services accordingly," as meaning that the charge for medical services shall be paid for a period of two weeks subsequent to the occurrence of disability. The rule is apparently inconsistent with the act. As interpreted by the commission in the instant case it warrants the finding that the day of the occurrence of disability is to be considered "date of the accident" and that the period of two weeks, during which the employer must furnish medical services, etc., commences therewith. The plain language of the statute restricts the period to the first two weeks "after the injury" and, while the act is remedial and to be broadly construed, *Simmons'* case, ante, we find no authority for the substitution for the word used in the statute of another term used in the same statute with a clearly different meaning. If it is desirable to change the period during which medical services shall be furnished, or to extend the powers of the Commission in that regard, legislative action should be had as was done in Massa-

chusetts.  See *Huxen's case*, 226 Mass., 292, 295.  *Coffin* v. *Rich*, 45 Maine, 507, 511; *Lizotte* v. *Nashua Mfg. Co.*, (N. H.), 100 Atl., 757, 758.

Nor do we consider that such a rule is necessary, to carry out the legislative intent.   Its evident purpose was to allow no compensation in the nature of wages for the first two weeks after the injury, at least where the incapacity is partial, and during those two weeks to allow as compensation to the injured employee his medical expenses to the end that the latter might not for reason of economy delay seeking medical advice, even though the injury might be slight and not immediately incapacitating.

During the first week after the injury petitioner had no medical advice or treatment.   During the second week she had four treatments from physicians in Canada and on her return she at once consulted a physician in Lewiston who advised treatment in a hospital whither she repaired either on the twenty-fourth or twenty-fifth of September, 1916.   The record, however, discloses absolutely nothing as to her expense for medical attendance or medicines during the second week after the injury.   The amount cannot be determined. We have no facts upon which to modify the decree.   The case must therefore be recommitted to the commission that it may determine and fix, upon further hearing, if necessary, the amount of the charge for necessary and reasonable medical and hospital services and medicines, as to which the decree is reversed, as provided by Sec. 10 of the act and in accordance with this opinion.   At such hearing additional evidence may be introduced by the parties.   See *Murphy's case*, 226 Mass., 60, 64; *James A. Bannister Co.* v. *Kriger*, 84 N. J. L., 30, 32; *Dickson* v. *Bubb*, 88 N. J. L., 513, 515.