[Civ. No. 8226. Second Appellate District, Division Two.—June 17, 1932.]

ASSOCIATED INDEMNITY CORPORATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LOUALLEN R. HARVEY, Respondents.

John J. Taheny, Syril S. Tipton and Elmer E. Sawyer for Petitioner.

A. I. Townsend and Harold E. Sackin for Respondents.

WORKS, P. J.—Harvey was an employee of a tiling concern and suffered disability arising out of and in the course of his employment. In working about the tile which his employer manufactured his lungs became affected by the dust which constantly arose from the product while he was working over it. The symptoms of his disability began strikingly to exhibit themselves about three years before he finally made claim for compensation to the Industrial Accident Commission, and he was incapacitated because of the gradual increase of the disaffection, being thereby forced to cease the employment, five months before the claim was made. Petitioner, the insurance carrier, contends that the claim was barred by the six months' period of limitation provided by the Workmen's Compensation Act. The act formerly provided that claims must be filed not more than six months after an "accident", but it was long ago amended so as to provide for the running of the same period from the "injury" suffered by the claimant.

When the present matter was before respondent Industrial Accident Commission that body rendered the following written opinion denying a rehearing after the adjustment of compensation which was allowed Harvey:

"The applicant, Louallen R. Harvey, is now suffering a respiratory disability which the medical evidence satisfactorily shows to be a silicosis, or a form of disease of the lungs due to the presence of silicious material inhaled over a period

of time from atmosphere charged with dust thrown into the air incidentally to industrial operations in rock and dry earths. The applicant at the time of the hearing in this case had worked for the defendant American Encaustic Tiling Company for fourteen years, during the last three or four of which he cleaned rock-grinding machines with blower and waste, and was exposed to rock and dust daily. Prior to the said three or four-year period he ran a pump for a year, not exposed to dust, but previously did mixing for a year and a half when the air was so thick with rock and clay dust that he could hardly see through it, according to his testimony. This and other evidence is adequate foundation for an award finding that the silicosis from which the applicant is suffering was caused by injury arising out of and in the course of said employment.

"Prior to March 26, 1928, the employer was insured against its liability for compensation with the State Compensation Insurance Fund; and from the said date to the date of hearing, December 10, 1930, the employer was insured with the Associated Indemnity Corporation. The latter insurer has pleaded that applicant's claim is barred, on the ground that the filing of his application on November 13, 1930, took place more than six months from the 'date of injury'. It is provided by section 11 of the Workmen's Compensation Act that proceedings for the collection of disability compensation must be commenced 'within six months from the date of injury', except that there are certain extensions which are not material here. The problem before this Commission, therefore, is to determine whether or not the provisions of the Workmen's Compensation Act may be fairly interpreted to permit the maintenance of this proceeding as not being barred by limitation of time, under the following state of facts elicited by the testimony taken before the Commission.

"About three years before the date of hearing the applicant first noticed his breath getting short. This condition gradually progressed so that ultimately he could hardly handle a fifty-pound ladder. In the summer of 1928 he noticed pains in his chest and his condition required him to sit down and rest quite often. From then on he got gradually worse, the symptoms continuing the same but

more marked, except that in addition he noticed a dry, hacking cough setting in. He first had to leave work on June 22, 1930, which was about five months prior to the filing of application. On June 13, 1930, he was sent by the employer's superintendent to Dr. Frees, who examined him but gave no treatment, and the applicant has had no treatment since then, although several medical examinations have taken place from time to time. The applicant testified that he never informed the responsible officials of the employer prior to June 10, 1930, that he thought he had incurred an industrial injury or disease; but he did admit on cross-examination that he told the foreman, Mr. Horner, that he thought the condition was due to his occupation, this statement being made to Horner a year and a half before he quit work. He also admitted speaking to two other foremen to the same effect at that time and subsequently.

■ "This Commission considers that within the meaning and intent of the Workmen's Compensation Act the 'date of injury' in connection with occupational disease shall be properly taken to be the date when disability is first incurred. An occupational disease, such as that which is before us in the present proceeding, is one in which the cumulative effect of the continual absorption of small quantities of deleterious substance from the environment of the employment ultimately results in manifest pathology; any one exposure to the deleterious substance is inconsequential in itself, but the accumulation of repeated absorptions is the factor which brings about the disease. It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves, and this would be when the employee becomes disabled and entitled to compensation, that is, when under the well-established meaning of the term 'disability', as used in compensation law, there is a combination of partial or total physical incapacity and of inability to work. In the case at bar disability accrued for the first time when the applicant had to quit work by reason of his

physical incapacity, namely, June 22, 1930, approximately five months prior to filing his application with the Commission. Such a conclusion is based on the proposition that a compensable injury is an injury for which compensation is payable, and the date of the injury is not the time of the accident or occurrence causing injury, but the time when the right to compensation accrues.

"We have ample authority for the foregoing interpretation of the law in such decisions as that of *Johnson's Case,* 217 Mass. 388 [104 N. E. 735]; *Bergeron's Case,* 243 Mass. 366 [137 N. E. 739]; *Esposito* v. *Marlin-Rockwell Corp.,* 96 Conn. 414 [114 Atl. 92]; *Hustus' Case,* 123 Me. 428 [123 Atl. 514]; *McKenna's Case,* 117 Me. 179 [103 Atl. 69]; *Johansen* v. *Union Stockyards Co.,* 99 Neb. 328 [156 N. W. 511]; *Acme Body Works* v. *Koepsel,* 204 Wis. 493 [234 N. W. 756, 236 N. W. 378]; *Martin-Laskin Co.* v. *Industrial Com.,* 172 Wis. 548 [179 N. W. 740]; *Zurich etc. Co.* v. *Industrial Com.,* 203 Wis. 135 [233 N. W. 772]; *Hornbrook-Price Co.* v. *Stewart,* 66 Ind. App. 400 [118 N. E. 315].

"The latest decision brought to our notice is that in the case of *Textileather Corp.* v. *Great American Indemnity Co.,* 108 N. J. L. 121 [156 Atl. 840], wherein the New Jersey Court of Errors and Appeals held on October 30, 1931, 'it is disability after exposure in the employer's business that creates the obligation to compensation', and the carrier at the time of disability to be liable.

"It is true that the First District Appellate Court of this state in the case of *Blanchard* v. *Industrial Acc. Com.,* 68 Cal. App. 65 [228 Pac. 359, 11 I. A. C. 245], held that in the case of an occupational injury the limitations of time would commence to run from the date when the injured employee had knowledge of the disease which eventually incapacitated him; but in view of the above-cited authorities the Commission, on reflection, respectfully submits that such a ruling should be reconsidered and that the accrual of disability rather than knowledge of the disease should be the criterion for adopting the date when limitations should commence to run. The Commission also admits that statements of the First District Appellate Court in the case of *Kauffman* v. *Industrial Acc. Com.,* 37 Cal. App. 500 [174 Pac. 690, 5 I. A. C. 132], lay down certain principles contrary to these upon which the instant case is being decided by this

Commission. In the Kauffman case neither did disability accrue nor were the effects of injury recognized until more than six months after a specific accident whereby a particle of steel lodged in the interior of the employee's eye; but the court nevertheless held that the case was barred, since the application was not filed until more than six months after the accident. The Commission believes that the instant case can be distinguished from the Kauffman case in view of the fact that we are at present dealing with an 'occupational disease' which by its cumulative character is not at all analogous to the case of a single accidental specific injury. The Commission, moreover, is of the opinion that section 20 (c) of the Workmen's Compensation Act, which permits an employee who has suffered an injury which is not yet disabling to file an application and obtain a nominal award, is for the same reasons not applicable to a case of occupational disease, inasmuch as the circumstances surrounding the incurring of such a disease do not permit the afflicted employee to recognize the injurious consequences of his occupational environment until he has actually become disabled.

"There is the further consideration that even though the afflicted employee may have symptoms while still able to work, nevertheless he still continues to absorb the deleterious substances thereafter. These later absorptions are just as much a factor in finally disabling him as were the materials absorbed prior to the appearance of symptoms. It would therefore be unfair and arbitrary to select out one set of absorptions as constitutive of the 'injury', when in fact the entire cumulative process was responsible for the ultimate disability. Hence it would be inequitable to bar the employee on the ground that more than six months have gone by after the first appearance of symptoms, when, as a matter of fact, he was being subjected to a series of new and independent injuries which reached a climax within six months before filing the application.

"It is, of course, a commonplace that the adoption of the word 'injury' in place of the word 'accident' early in the history of workmen's compensation in California was for the express purpose of rendering occupational diseases subject to full compensation. This Commission is of the opinion that if a case of occupational disease is to be considered

barred by limitations of time in the event that the employee waits to file his application more than six months after the mere appearance of symptoms of the disease, rather than the incurring of disability from the disease, it will become practically impossible to award compensation for that class of injuries, since in practice an employee, owing to the insidious character of this form of incapacity, will ordinarily not recognize his impaired physical condition as being chargeable to his occupation until long after the initial symptoms appear. The Commission believes that an artificial obstacle to compensating this form of injury, resulting from the application of a rule of limitations designed to meet conditions of a totally different sort, is out of harmony with the spirit and purposes of the compensation system, and in particular would ordinarily be destructive of the right to compensation in a field which was the special subject of legislative concern.

"In consonance with the foregoing views, the Commission in making its award found that the claim of the application is not barred by limitations of time and that he is entitled to disability indemnity in accordance with the medical findings, payable by the insurer whose policy was effective at the time of incurring disability. Upon considering the petition for rehearing, we find no reason for modifying this conclusion."

We are satisfied with this opinion of the Commission and decline to follow *Blanchard* v. *Industrial Acc. Com.*, and *Kauffman* v. *Industrial Acc. Com.*, referred to in the opinion, in so far as they may be said to apply to the question of limitation discussed by the Commission.

Harvey's employer had two insurance carriers, successively, during the gradual increase of his disability, of which petitioner was the second. No award was made by the Commission against the first carrier. Petitioner contends that the compensation allowed Harvey should have been apportioned between the two. Despite the position taken by respondent Industrial Accident Commission upon this question in the opinion above quoted, we are disposed to follow *Blanchard* v. *Industrial Acc. Com.*, *supra*, in so far as the opinion in that case deals with it. That case, indeed, is concerned with successive employers, but we think the rule stated in it has an equal application to successive

insurance carriers. There may be some difficulty in making the apportionment called for here, but if so, the difficulty is properly to be solved by the Commission. We do not suggest a solution, but shall leave it to the Commission to settle the problem.

The award is affirmed so far as the amount thereof is concerned, but the matter initiated before the Industrial Accident Commission by the petition for adjustment filed by Harvey is remanded to the Commission with directions to make proper apportionment of the award between the two insurance carriers.

Craig, J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 16, 1932.