Bernice RODZIK, Administratrix of Mike Rodzik, Deceased, Plaintiff,

v.

NEW YORK CENTRAL RAILROAD COMPANY, a foreign corporation, Defendant.

Civ. A. No. 17825.

United States District Court
E. D. Michigan, S. D.

Jan. 15, 1959.

C. Michael Kimber, Okrent, Baun & Dobreff, Detroit, Mich., for plaintiff.

William A. Alfs, Edward M. Miller, Detroit, Mich., for defendant.

LEVIN, District Judge.

I have the defendant's motion to strike Paragraph VII and part of Paragraph VIII of plaintiff's complaint, filed pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51.[1]

---

1. 45 U.S.C.A. § 51 provides in pertinent part as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, tract, roadbed, works, boats, wharves, or other equipment."

The motion to strike Paragraph VII is based on the ground that a cause of action for damages arising out of the injury to the deceased, Mike Rodzik, was not timely instituted. The complaint alleges that on April 23, 1954 the decedent, while in the employ of the defendant, New York Central Railroad Company, was injured when he was struck by a steel cover of a rubbish container in defendant's locomotive repair shop and that he subsequently died as a result of these injuries on March 26, 1957. On September 16, 1957 Bernice Rodzik was appointed administratrix of the estate of the deceased, and this suit was instituted on March 18, 1958 for damages resulting from his injuries and death.

██ The Federal Employers' Liability Act, 45 U.S.C.A. § 51 creates two distinct causes of action, "one for the loss and suffering of the injured person while he lived, and another for the pecuniary loss to the beneficiaries named in the act as a result of his death." Baltimore & Ohio Southwestern R. Co. v. Carroll, 280 U.S. 491, 494, 50 S.Ct. 182, 183, 74 L.Ed. 566. The employee's cause of action for his injuries accrues from the date the injury was incurred, while the cause of action which is based upon the employee's death accrues at the time of death. Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835. "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other." St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, 237 U.S. 648, 658, 35 S.Ct. 704, 706, 59 L.Ed. 1160. Each of these causes of action must be brought within the statutory time limitation of three years prescribed by 45 U.S.C.A. § 56,[2] Reading Co. v. Koons, supra. Since the deceased was injured on April 23, 1954, and suit was not instituted until March 18, 1958, the cause of action based on the alleged injuries suffered by the deceased is barred by 45 U.S.C.A. § 56.

██ While both rights may be merged in a single action, Baltimore & Ohio Southwestern R. Co. v. Carroll, supra; St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, supra, this is true only if such rights are timely asserted, and it does not follow, as plaintiff contends, that if the cause of action based upon the death of employee is timely, the action based upon the loss and suffering of the injured person while he lived may also be joined, regardless of the lapse of time between the injury and the institution of the action.

██ Plaintiff also contends that if it be held that the cause of action based upon personal injury must be brought within the three-year period prescribed by 45 U.S.C.A. § 56, still this time limitation was tolled by the death of the employee within that period. Where a statute creates a right of action and also specifies the time within which the cause of action must be enforced, the time limitation is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Wabash Ry. Co. v. Bridal, 8 Cir., 94 F.2d 117.

That the statutory time limit within which the action must be brought is not tolled by the death of the deceased is clear from the opinion of the Supreme Court in Reading Co. v. Koons, supra. On page 63 of 271 U.S., on page 407 of 46 S.Ct. of that opinion the court states:

"The language of the statute evidences an intention to set a definite limit to the period within which an action may be brought under it without reference to the exigencies which arise from the administration of a decedent's estate."

The motion to strike Paragraph VII is granted.

██ In Paragraph VIII of her complaint plaintiff alleges "that the dependents of the decedent, by reason of his death, have suffered the loss of his companionship * * *"

2. 45 U.S.C.A. § 56 provides in pertinent part as follows:
"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

The cause of action for damages arising from the death of the employee attempts to compensate the beneficiaries for the pecuniary benefits that they might have reasonably received if the deceased had survived his injuries. Stark v. Chicago, North Shore & Milwaukee Ry. Co., 7 Cir., 203 F.2d 786. Loss of companionship is not a pecuniary element of damage. Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417.

The motion to strike that part of Paragraph VIII which relates to loss of companionship as an element of damage is granted.