**GULF, COLORADO & SANTA FE RAIL-WAY COMPANY, Appellant,**

**v.**

**Robert McCLELLAND, Appellee.**

**No. 22329.**

United States Court of Appeals Fifth Circuit.

Jan. 7, 1966.

Rehearing Denied Feb. 11, 1966.

Chilton O'Brien, Beaumont, Tex., Mc-Leod, Alexander, Powel & Apffel, Galveston, Tex., of counsel, for appellant.

Joe Bob Golden, Joe H. Tonahill, Jasper, Tex., for appellee.

Before TUTTLE, Chief Judge, COLEMAN, Circuit Judge, and HUNTER, District Judge.

TUTTLE, Chief Judge:

This appeal from a verdict and judgment in favor of this former railroad employee for injuries by which he suffered from contact dermatitis resulting from his exposure to hot engines and the surrounding conditions, is based primarily upon the failure of the trial court to submit to the jury the issue upon which the trial court could determine when the cause of action "accrued." The suit was filed under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Title 45 Section 56, U.S.C.A., states: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." It is clear that compliance with the statute of limitations provided by the FELA is a condition precedent to an injured employee's recovery under the Act, Carpenter v. Erie R. Co., 3 Cir., 132 F.2d 362; American R. Co. of Porto Rico v. Coronas, 1 Cir., 230 F. 545, L.R.A.1916E, 1095. This construction seems implicit in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282.

The evidence introduced at the trial in this case included testimony which, if believed, would support the proposition that McClelland's dermatitis was manifested prior to February 29, 1961, the beginning of the statutory period of three years. Not only did two of his fellow employees relate that McClelland had made continued complaints about his skin condition over the last eight years, but one doctor's written records show that McClelland sought medical treatment for his condition of dermatitis on October 9, 1959 and another doctor testified that he had made tests and treated McClelland for a skin condition as early as 1958. The jury could well have believed that this skin condition was the same contact dermatitis for which he sought recovery in this action.

The United States Supreme Court dealt with the difficulties of fixing the "day" upon which a cause of action "accrued" when his cause of action is one that arises from a long recurring act or condition of employment without any appreciable or significant single occurrence bringing it to a head in Urie v. Thompson, supra. In that case, the court formulated the following rule to be applied in such a situation:

"It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifested themselves * * * ." Citing Associated Indemnity Corp. v. Industrial Accident Commission, 124 Cal.App. 378, 381, 12 P.2d 1075. Urie v. Thompson, 337 U.S. at 170, 69 S.Ct. at 1025.

In a similar case, Fowkes v. Pennsylvania R. R. Co., 3 Cir., 264 F.2d 397, the Court of Appeals for the Third Circuit concluded that it was appropriate for the trial court in such a case to submit the following question to the jury: "Did the plaintiff, Charles Fowkes, know or should

he have known, on or before August 31, 1952, that the physical condition for which he now claims damages existed?" In the instant case, appellant's counsel requested a charge in the following language: "Did the plaintiff, Robert McClelland, know or have reason to know, on or before February 10, 1961, that the skin disease for which he now claims damages existed?" Upon the refusal of the court to give the charge, counsel again requested that it be given.

We think it clear that on the record before the court it was incumbent upon the trial court to submit this issue of the statute of limitations to the jury for its resolution. It was prejudicial error for the court not to do so, and the judgment must be reversed for resubmission of this issue to the jury. We leave it to the discretion of the trial court to determine whether the entire case shall be resubmitted or only the issue of limitation. If it should follow the former course, we suggest that the trial court consider what this Court said as to the single standard of causation to be applied to both negligence and contributory negligence in Page v. St. Louis Southwestern Railway Co., 5 Cir., 349 F.2d 820. The *Page* opinion was published after the trial in the instant case. Reversed and remanded.

## ON PETITION FOR REHEARING

### PER CURIAM:

Appellee criticizes the language of our opinion because it is thought to have required the trial court, on remand, to submit the precise charge as requested by the appellant and quoted in our opinion. We meant merely to state that it was incumbent upon the trial court to submit to the jury the issue of the statute of limitations. We did not mean to phrase the form of the question or of the "issue," as it is sometimes called. We think that a fair reading of the Court's language in Urie v. Thompson, 337 U.S. 163, at 170, 69 S.Ct. 1018, at 1025, 93 L.Ed. 1282, requires the determination of the time when the accumulated effects of the disease to McClelland's skin manifested themselves to him as an injury.

Having thus modified the opinion in this respect, the petition for rehearing is denied.