Betty CURRY, Individually and as Administratrix for the Estate of Gerald E. Curry, Deceased, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION; Penn Central Corporation; Bendix Corporation; Celotex Corporation; Durox Equipment Company; Eagle Picher Industries, Inc.; Flintkote Company; Garlock, Inc.; Keene Corporation; Owens–Corning Fiberglass Corporation; Raymark Industries, Inc.; Studebaker–Worthington, Inc.; and Union Rubber, Inc., Defendants,

v.

ANCHOR PACKING COMPANY; Certainteed Corporation; Nicolet, Inc.; Nosroc Corporation; J.W. Roberts Ltd.; TNT Liquidating Company; Turner & Newell PLC and Turner Asbestos Fibers Ltd., Third Party Defendants.

No. C.A. 85–207.

United States District Court, W.D. Pennsylvania, C.D.

June 6, 1991.

Union Rubber and Studebaker Worthington.

Matthew Wimer, Reale Fossee and Ferry, Pittsburgh, Pa., for Bendix Corp.

Jerry Hogenmiller, Thomson Rhodes and Cowie, Pittsburgh, Pa., for Raymark.

C. Leon Sherman, Gary Gushard and Tucker Arensberg, Pittsburgh, Pa., for GAF.

Bernard J. McAuley, Wayman, Irvin and McAuley, Pittsburgh, Pa., for Nicolet.

Jerome Iwler, Mary Dombrowski Wright, Meyer, Darragh, Buckler, Bebenek and Eck; R. Kenneth Willman, David L. Caplan, Weaver, Willman and Arnold; Patrick Riley, Vincent DeFalice; Gerald Paris, Diane Perer, Ronald Jones, Reed Smith Shaw and McClay; James Manley, Burns Manley and Little; and James Farley, and Weis and Weis, Pittsburgh, Pa., for Celotex, Eagle Picher, Keene, Certaineed, Nosroc, Turner & Newall, Flintkote and J.W. Roberts, Ltd., and Turner Asbestos.

John Repcheck and James Young, Jr., Pittsburgh, Pa., for Anchor Packing.

Michael Burns, Lisa Pupo and David Damico, Burns White and Hickton, Pittsburgh, Pa., for Consol. Rail and Penn Cent. Corp.

Brobyn & Forceno, Philadelphia, Pa., for plaintiff.

Frederic Orlansky, Richard G. Lewis, Jones Gregg Creehan and Gerace, Pittsburgh, Pa., for Celotex.

James S. Ehrman, Tighe, Evan and Ehrman, Pittsburgh, Pa., for John Crane Houdaille.

Rosenberg Kirschner, Pittsburgh, Pa., for Eagle Picher.

James F. Israel, Trushel, Wood and Israel, Pittsburgh, Pa., for TNT Liquidating.

G. Daniel Carney, Peter Blasier, Thorp Reed and Armstrong, Pittsburgh, Pa., and Byron Gergory and Steven Hoeft, McDermott Will and Emery, Chicago, Ill., for

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiff, Betty Curry, instituted this asbestos action individually and as Administratrix for the Estate of Gerald E. Curry, on or about January 25, 1985, against the railroad defendants Conrail and Penn Central pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60. Plaintiff also included as defendants various asbestos manufacturer and/or supplier defendants based upon diversity jurisdiction and pursuant to the Pennsylvania Survival and Wrongful Death Acts and state law theories including negligence and strict liability. With plaintiff's consent, these

manufacturer/supplier defendants have since been dismissed with prejudice.[1]

Before the Court are Defendants Consolidated Rail and Penn Central's Motions for Summary Judgment in which defendants argue plaintiff's claim is time barred pursuant to Title 45 United States Code Section 56. Section 6 of the FELA provides in relevant part: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

Defendants contend plaintiff's claim was filed well over three years from the day her cause of action accrued; that date being October of 1979 when plaintiff's decedent husband entered the hospital and was diagnosed as having lung cancer. In the alternative, defendant maintains plaintiff's claim accrued no later than March 4, 1980, plaintiff decedent's date of death.

Conversely, plaintiff maintains her Complaint was timely filed and that the statute of limitations does not automatically begin to run on the date her husband's lung cancer was diagnosed or even on the date of his death. Instead, plaintiff argues the cause of action "does not accrue until plaintiff becomes aware of the disease *and* its cause." (Emphasis added).

Plaintiff maintains she did not become aware that asbestos was a possible cause of her husband's lung cancer until approximately between March and May of 1983 when she discovered the same through the news media. Thereafter, upon further investigation and consultation with counsel, plaintiff instituted suit on January 25th, 1985.

## LEGAL ANALYSIS

The United States Supreme Court has recognized the FELA is a broad remedial statute and has adopted a standard of liberal construction in order to accomplish the congressional objectives. *See Outten v. National Railroad Passenger Corpora-*tion, a/k/a Amtrack, 928 F.2d 74 (3d Cir. 1991). The Court has further recognized the congressional purpose in enacting the FELA would be frustrated if a plaintiff were chargeable with knowledge of the slow progress of a disease "at some past moment in time, unknown and inherently unknowable even in retrospect." *Urie v. Thompson,* 337 U.S. 163, 169, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282 (1949).

The *Urie* case involved a steam locomotive fireman who developed a debilitating lung disease from prolonged exposure to diesel fumes. The Court stated that plaintiff could be charged with knowledge of the gradual deterioration of his lungs " 'only when the accumulated effects of the deleterious substance manifested themselves.' " Id. at 170, 69 S.Ct. at 1025, quoting *Associated Indemnity Corp. v. Industrial Accident Commission,* 124 Cal.App. 378, 381, 12 P.2d 1075, 1076 (1932).

The *Urie* Court held when an occupational illness is the basis for a claim under FELA, the statute of limitations begins to run when the employee becomes aware of his disease and its cause. This discovery rule also was applied to claims arising under the Federal Tort Claims Act which, in effect, delays the accrual of a cause of action until a plaintiff has the opportunity to discover the legal ramifications of the injury. *See De Witt v. United States,* 593 F.2d 276, 278 (7th Cir.1979).

In *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the Court differentiated between knowledge of the injury and knowledge of a legal remedy whereby it stated "we are unconvinced that for statute of limitations purposes, a plaintiff's ignorance of his legal rights and his ignorance of the fact of injury or its cause should receive identical treatment. In other words, having discovered his injury, the putative plaintiff "must determine within the period of limitations

---

1. Defendants Conrail and Penn Central attempt to incorporate by reference these manufacturer's Motions for Summary Judgment which are premised upon a statute of Limitations argument under Pennsylvania's Survival and Wrongful Death Acts. Because this reference appears in defendant railroads' Briefs but not in their Motions, the Court will not address the same in that it is not properly before the Court.

whether to sue or not." 444 U.S. at 124, 100 S.Ct. at 360.

In *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356 (3d Cir.1986), quoting *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir.1985), the Third Circuit observed the substance of the *Kubrick* discovery rule to be as follows:

"[T]he statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress."

"Under *Urie's* rationale," the *Kichline* Court continued, "when an occupational injury is the basis for the claim under FELA, the statute of limitations begins to run when the employee becomes aware of his disease and its cause."

■ The Third Circuit's interpretation of the *Urie* and *Kubrick* holdings leads us to conclude that the statute of limitations begins to run once plaintiff discovers both plaintiff decedent's condition and its cause. Thus, the critical question for our purposes is when did plaintiff possess sufficient critical facts to put her on notice that a wrong had been committed?

## STANDARDS FOR SUMMARY JUDGMENT

Defendants have moved this Court to grant summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] In interpreting Rule 56, the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) has ruled that:

"The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial. In such a situation, there can be no genuine issue as to material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322 to 323, 106 S.Ct. at 2552.

■ An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, Incorporated, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Furthermore, the Court must view the facts in a light most favorable to the non-moving party and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Pontius v. Children's Hospital*, 552 F.Supp. 1352 (1982).

## DISCUSSION

Plaintiff admits that plaintiff decedent was diagnosed with lung cancer in approximately October of 1979, and died from lung cancer on March 4, 1980. However, plaintiff specifically denies that she or plaintiff decedent knew or should have known the cause of this lung cancer and lung cancer death was asbestos-related prior to March or May of 1983. On the other hand, defendants maintain plaintiff's cause of action, if any, accrued at the time plaintiff decedent was diagnosed or in the alternative, no later than plaintiff decedent's date of death.

■ Our application of the discovery rule in this FELA action is controlled by *Urie*, *Kubrick* and *Kichline*; that rule being that plaintiff's cause of action accrues only when it is established that she possessed sufficient facts to put her on notice of plaintiff decedent's injury and its cause.

Viewing the evidence in a light most favorable to plaintiff, we are satisfied there remains a material issue of fact as to

---

**2.** Fed.R.Civ.P. 56 in pertinent part reads as follows:

"[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, to-

gether with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."

when plaintiff possessed sufficient information or facts to indicate that plaintiff decedent's illness and death may have been asbestos-related.

In *Barr v. Consolidated Rail Corporation, et al.*, No. 84–2650 (W.D.Pa., September 14, 1986), a case remarkably similar to the instant case, the Court concluded that plaintiff was entitled to the favorable inference that she did not know, nor should she have known, of facts supporting the likelihood that her husband's exposure to asbestos was related to his sickness and subsequent death.

The decedent in *Barr* retired from the railroad in 1976, developed lung cancer and died in March of 1980. Plaintiff Barr instituted suit on November 2, 1984 after learning from a friend that asbestos exposure might have caused her husband's lung cancer death. In that case, this Court held that Mrs. Barr's FELA action was timely filed and summary judgment, based upon a statute of limitations argument, was inappropriate.

We find nothing in the instant facts thus far which would cause us to stray from the reasoning of *Barr,* particularly in view of the fact that defendants have presented no evidence that prior to March or May of 1983, plaintiff discovered that her husband's illness and resulting death may have been caused by exposure to asbestos.

Defendants' Motion for Summary Judgement is HEREBY DENIED.