[Nos. 43286-9-I; 43287-7-I.    Division One.    November 22, 1999.]

CREIGHTON E. MILLER, *as Administrator, Appellant,* v.
FOSTER WHEELER COMPANY, ET AL., *Respondents.*

*Diane Penney-Wagster* (*John Cardello* of *Jaques Admiralty Law Firm*, of counsel), for appellant.

*Ronald Gardner* of *Gardner Bond Trabolsi McDonald & Clement, P.L.L.C.*; *Kenneth Emil Petty* of *Williams Kastner & Gibbs, P.L.L.C.*; *Bruce Duplan Campbell*; *Diane J. Kero*; *Thomas Frank Paul* and *Gail Luhn Pyle*; *G. William Shaw*; *Janet A. Irons*; *Paul Joseph Kundtz*; *Michele Miller Sales* (*Harold W. Henderson*, of counsel); *Eric Estes Richter*; *Thomas Allan Heller*; *Michael James McGurn*; *Kelly Patrick Corr*; *Steven Todd Johnson*; and *Barry Neal Mesher*, for respondents.

GROSSE, J. — Actions under the Jones Act, 46 U.S.C. § 688, which incorporates, and makes applicable to seamen, the recovery provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, must be brought "within three years from the day the cause of action accrued." 45 U.S.C. § 56; 46 U.S.C. § 763a. Compliance with the limitation provision is a condition precedent to recovery under the Jones Act/FELA. A claim for personal injury survives the death of the seaman. A separate claim is authorized for wrongful death. Contrary to the claims of Miller, the "survival" claims and the "wrongful death" claims are separate and distinct and may accrue at different times. Because more than three years passed between the accrual of the decedents' personal injuries or "survival claims," and the date when the actions were begun, the trial court did not err in dismissing the survival claims as time barred. We therefore affirm the trial court's dismissal of the survival claims on summary judgment.

### William Blecker

William R. Blecker was diagnosed on August 22, 1989 with malignant mesothelioma, a type of lung cancer associated with asbestos exposure. His medical records were replete with references to asbestos exposure aboard ships during his maritime career. Blecker's physicians concluded that his cancer was caused by his occupational exposure to asbestos. Blecker died on October 16, 1992.

Creighton E. Miller, as administrator of Blecker's estate, filed suit on October 26, 1992, some three years and two months after the diagnosis with mesothelioma, but within three years of the date of death. Miller alleged causes of action for both survival and for wrongful death.

### Willie Holmes

Willie B. Holmes was diagnosed with poorly differentiated squamous cell carcinoma of the lung on April 27, 1988. The cause of this cancer was alleged by the administrator of his estate to be the result of Holmes' exposure to asbestos. This was admitted as true for summary judgment purposes, reserving any defenses for trial. Holmes underwent treatment for the cancer with fair results. However, he died on March 22, 1990.

Creighton E. Miller, as administrator of Holmes' estate, filed suit on October 26, 1992, more than four years and four months from the date of diagnosis of lung cancer, but within three years of the date of death. Miller alleged causes of action for both survival and wrongful death.

The trial court granted partial summary judgment on two separate occasions, August 25, 1995 and January 9, 1998. The August 25, 1995 order separated the elements of damage (medical expenses, loss of support, conscious pain and suffering, etc.) from elements which are not recoverable as a matter of law (loss of consortium, loss of society, punitive damages, etc.), and granted partial summary judgment to all defendants with respect to those elements of

damages not recoverable as a matter of law. The January 9, 1998 order was entered with respect to motions for partial summary judgment as to the survival claims on the basis of the statute of limitations. In granting this partial summary judgment, the trial court held that the survival claims accrue at the time of injury, thus rejecting Miller's claims that survival claims accrue at the date of death, the same time as the wrongful death claims. On the facts set forth above, the trial court found that the complaints were filed more than three years after discovery of the decedents' respective causes of action, and therefore the survival claims were barred by the Jones Act/FELA three-year statute of limitations, 45 U.S.C. § 56.

This ruling left Miller, as administrator of the estates of Blecker and Holmes, with a claim for wrongful death in each of the cases, limited to pecuniary losses. By stipulation, Miller voluntarily dismissed the remaining wrongful death claims. Final judgment was entered on May 12, 1998, and the appeal taken therefrom was filed on June 8, 1998.

Miller, as administrator of the estates of Blecker and Holmes, appeals claiming that all damages cognizable under the Jones Act statutory scheme may be recovered for the benefit of the employee's statutory beneficiaries by an action filed within three years of the date of death. We disagree and affirm.

■ Actions under the Jones Act/FELA and general maritime law must be brought within three years from the day the cause of action accrued.[1] The failure to comply with this limitation provision not only bars the claimant's remedy, but destroys the employer's liability as well.[2]

■ FELA creates two separate causes of action which may apply in the event of the death of a seaman or railroad worker: personal injury or wrongful death (45 U.S.C. § 51). An action for personal injury survives the death of the seaman (survival action) (45 U.S.C. § 59). These types of ac-

---

[1] 45 U.S.C. § 56; 46 U.S.C. § 763a.

[2] *Emmons v. Southern Pac. Transp. Co.*, 701 F.2d 1112, 1117 (5th Cir. 1983).

tions are separate and distinct from each other.[3] A wrongful death action compensates beneficiaries for their own pecuniary losses sustained as a result of the death, while a personal injury survival action compensates for the personal injury to, and losses sustained by, the seaman.

Survival actions preserve the cause of action that existed at the time of death.[4] A survival action does not have a separate statute of limitations period beginning at the time of the death. If the limitation period has run and would have barred the decedent from asserting his or her personal injury claim, any "survival" claim by a personal representative is also barred.[5] Claims for the personal injuries, which survived the seamen's deaths, accrued at the time of injury.[6] Even if a specific date of injury cannot be determined because the "injury" resulted from the exposure to a harmful substance over a period of time, as alleged in these cases, it is undisputed here that Blecker and Holmes knew of their "injury" and its cause by the time of their individual diagnoses.

Miller argues that a survival action is automatically timely if the wrongful death action is timely. This is not always true. While both claims may be merged into a single action,[7] both types of action will stand only if each is timely asserted. It does not follow that because a cause of action based upon the death of the employee is timely, the action based on the personal injury is also timely and may be joined, regardless of the lapse of time between the injury

---

[3]*Van Beeck v. Sabine Towing Co.*, 300 U.S. 342, 347, 57 S. Ct. 452, 81 L. Ed. 685 (1937).

[4]*Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890 (5th Cir. 1984).

[5]*Flynn v. New York, New Haven, & Hartford R.R.*, 283 U.S. 53, 51 S. Ct. 357, 75 L. Ed 837, 72 A.L.R. 1311 (1931).

[6]*Reading Co. v. Koons*, 271 U.S. 58, 63, 46 S. Ct. 405, 70 L. Ed. 835 (1926); *Burns v. Marine Transp. Lines, Inc.*, 207 F. Supp. 276, 277 (S.D.N.Y. 1962); *Rodzik v. New York Cent. R.R.*, 169 F. Supp. 803 (E.D. Mich. 1959); *see also Flynn*, 283 U.S. at 56.

[7]*Baltimore & Ohio SW R.R. v. Carroll*, 280 U.S. 491, 50 S. Ct. 182, 74 L. Ed. 566 (1930); *St. Louis, Iron Mountain & S. Ry. v. Craft*, 237 U.S. 648, 35 S. Ct. 704, 59 L. Ed. 1160 (1915).

and the filing of the action.[8] Here, the lawsuits were filed within three years of the deaths of Blecker and Holmes, but not within three years of the "injury" causing the death. As the time between the injury and the institution of the lawsuits was more than three years, the limitation period expired and the "survival action" was time barred.

The decision of the trial court is affirmed.

ELLINGTON and APPELWICK, JJ., concur.