843 So.2d 157 (2002)
Roxanne GREENE, as administratrix of the estate of George Greene, deceased; et al.
v.
CSX TRANSPORTATION, INC.
1010357.
Supreme Court of Alabama.
August 30, 2002.
John C. Hall III of Hall & Hall, L.L.C., Birmingham, for appellants.
Stephen A. Rowe and Todd M. Higey of Lange, Simpson, Robinson & Somerville, L.L.P., Birmingham, for appellee.
*158 WOODALL, Justice.
This case presents the question whether the "latent-illness-discovery rule" applies to actions brought by the personal representatives of deceased railroad employees, pursuant to 45 U.S.C. § 59, a part of the Federal Employers' Liability Act, for personal injuries allegedly suffered by the employees in the course of their employment. We answer that question in the negative, and we affirm the summary judgment for the defendant.
According to the undisputed facts, Edward L. Parker, Jr., was employed by CSX Transportation, Inc. ("CSX"), from 1947 to 1971. During that time, his brother, Charles Parker, also worked for CSX. On April 6, 1971, Edward Parker died of lung cancer.
In 1997, Charles Parker sought medical treatment for breathing difficulties. He was diagnosed with mesothelioma, a form of lung cancer, from which he subsequently died. Dr. Alan Stansfield, one of Charles Parker's physicians, attributed the illness to exposure to asbestos, and suggested a possible connection between the illness and his employment.
Based on Dr. Stansfield's diagnosis of her uncle, Martha P. Johnson, Edward Parker's daughter, sued CSX on January 10, 2000, as "personal representative with the will annexed of Edward L. Parker, deceased." The complaint alleged that Parker's fatal cancer resulted from exposure to asbestos and other toxic substances in the course of his employment with CSX. It alleged violations of various federal acts, including the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA"), the Locomotive Boiler Inspection Act, 45 U.S.C. § 22 et seq., and the Federal Railroad Safety Act, 45 U.S.C. § 421 et seq. Johnson sought compensation for Parker's personal injuries, pursuant to 45 U.S.C. § 59, which provides:
"Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."
(Emphasis added.)
Joining Johnson in the complaint was Roxanne Greene, as the administratrix of the estate of George Greene, her deceased husband. The allegations of Greene, whose husband died of lung cancer on November 29, 1993, paralleled those of Johnson, namely, that George Greene's cancer resulted from exposure to asbestos and other toxic substances in the course of his employment by CSX. Like Johnson, she sought compensation for the personal injuries of her decedent, pursuant to 45 U.S.C. § 59.
CSX moved for a summary judgment as to the claims of both plaintiffs, on the ground that their claims were barred by the limitations period in 45 U.S.C. § 56 ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.").
The trial court granted the motion, and the plaintiffs appealed. On appeal, the plaintiffs contend that their respective decedents died from latent occupational diseases, and, consequently, that their actions were timely filed, pursuant to the latent-injury-discovery rule recognized by Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), and refined by United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).
*159 Urie was a FELA personal-injury action commenced by a former railroad employee, who allegedly developed silicosis in the course of his employment. 337 U.S. at 165-66, 69 S.Ct. 1018. The United States Supreme Court stated: "`[I]nasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time ... the afflicted employee can be held to be "injured" only when the accumulated effects of the deleterious substance manifest themselves....'" 337 U.S. at 170, 69 S.Ct. 1018 (quoting Associated Indem. Corp. v. Industrial Accident Comm'n, 124 Cal.App. 378, 381, 12 P.2d 1075, 1076 (1932)). Kubrick was a Federal Tort Claims Act ("FTCA") action, commenced by an alleged victim of medical malpractice, arising out of his treatment at a Veterans' Administration hospital. 444 U.S. at 113-14, 100 S.Ct. 352. There, the United States Supreme Court held that a FTCA action accrues when "a plaintiff [is] in possession of the critical facts that he has been hurt and who has inflicted the injury." 444 U.S. at 122, 100 S.Ct. 352.[1] The rule stated in Kubrick is applicable in FELA actions. Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092 (7th Cir.1990). Together, Urie and Kubrick stand for the proposition that a FELA "cause of action accrues for statute of limitation purposes when a reasonable [employee] knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." 909 F.2d at 1095. See also Kindred v. Burlington Northern R.R., 742 So.2d 155, 157 (Ala.1999) ("a FELA cause of action accrues when an injured [employee] knows, or in the exercise of reasonable diligence should know, of facts indicating that the cause of the injury is work-related").
Johnson and Greene insist that they did not learn of a possible connection between their decedents' lung cancers and their employment until less than three years before commencing this action. They contend that a jury question is presented as to whether their causes of action accrued more than three years before the commencement of this action, that is, whether they acted reasonably in failing to discover the possible connections between their decedents' illnesses and their employment. In neither Urie nor Kubrick, however, had the plaintiff died as a result of his injuries. Thus, Johnson and Greene propose that the discovery rule be extended to personal representatives of FELA employees. Consequently, they invite this Court to hold that the cause of action for personal injury to Edward Parker might have "accrued" more than 26 years after his death.
The plaintiffs cite no appellate case on point, that is, they cite no FELA case in which the personal representative's personal-injury claim was filed more than three years after the employee's death.[2] *160 The parties do cite numerous FELA cases involving a claim brought by an injured employee. We deem the issue in those cases to be fundamentally different from the one presented here.[3] Indeed, the plaintiffs cite only one case on point, namely, Curry v. Consolidated Rail Corp., 766 F.Supp. 380 (W.D.Pa.1991).
In that FELA case, the United States District Court for the Western District of Pennsylvania denied a summary-judgment motion filed by Consolidated Rail Corp. ("Consolidated"). 766 F.Supp. at 384. The action against Consolidated was commenced by Betty Curry, the widow and personal representative of Gerald Curry, a deceased employee, alleging that the lung cancer from which her husband died resulted from exposure to asbestos in the course of his employment by Consolidated.[4] 766 F.Supp. at 381-82. The action was commenced more than four years after Gerald Curry's death, and Consolidated argued that, as a matter of law, the cause of action accruedat the lateston the date of Curry's death. 766 F.Supp. at 381-82.
The trial court rejected that argument, essentially citing nothing but Urie and Kubrick, which, as we have already noted, are inapposite.[5] In other words, the court offered no explanation or justification for extending the discovery rule to personal representatives.
In that connection, CSX concedes that the latent-injury-discovery rule is applicable in FELA actions brought by the injured employee. It argues, however, that the rule does not apply to FELA actions brought by the employees' personal representatives, seeking recovery for personal injuries allegedly suffered by the deceased employees in the course of their employment. Like the defendant in Curry, CSX contends that such a cause of action can accrue no later than the date of the employee's death. We agree with CSX.
Significantly, the plaintiffs are not seeking a recovery for wrongful death. Had they brought such a claim, they would have had to contend directly with Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926), which held that a FELA cause of action for wrongful death accrues on the date of death. We think, however, that the Reading rule cannot be avoided simply by pleading in the alternative, as these plaintiffs have done.
The dispute in Reading arose out of the death on April 23, 1915, of Lester M. Koons, an employee of Philadelphia & Reading Railway Company ("Reading"), from injuries he received the previous day in the course of his employment. 271 U.S. at 59, 46 S.Ct. 405. On September 23, 1921, John L. Koons received letters of administration. Id. "Five months later, on February 6, 1922, nearly seven years after the death" of his decedent, Koons commenced a FELA wrongful-death action against Reading. Id.
The Pennsylvania courts held that the action was not barred by the statute of limitations, and the United States Supreme Court granted Reading's petition for certiorari review. Id. The sole issue before the Court was whether the limitations period began to run with the death of *161 the employee or the appointment of the administrator. 271 U.S. at 59-60, 46 S.Ct. 405. If the former, the action was time barred. As the Court stated:
"The application of this statute [of limitations] turns on the question whether the cause of action created by the act may be deemed to have `accrued,' within the meaning of the act, at the time of death or on the appointment of the administrator, who is the only person authorized by the statute to maintain the action."
271 U.S. at 60, 46 S.Ct. 405 (emphasis added). Holding that the administrator's action was barred by the statute of limitations, the Court reversed the judgment of the Pennsylvania Supreme Court. 271 U.S. at 65, 46 S.Ct. 405.
In doing so, it discussed statutory history, Congressional intent, and the purpose of the statute of limitations, vis-à-vis both wrongful-death and survival actions under FELA. The Court's discussion and holding are antithetical to the argument made by the plaintiffs in this case, namely, that a personal-injury action might "accrue" after the employee's death. For that reason, we set forth that discussion at length:
"The language of the statute evidences an intention to set a definite limit to the period within which an action may be brought under it, without reference to the exigencies which arise from the administration of a decedent's estate. The statute relates not only to causes of action for wrongful death but to causes of action for other injuries. Where the cause of action for personal injury survives to personal representatives of an injured employee who dies after the injury from other causes, the language of the statute seems peremptorily to require the action to be brought within [three] years from the time of injury, without regard to any intervening period after death when there is no executor or administrator. ...
"It cannot be supposed that Congress, in enacting the statute, intended to impose a fixed limitation of [three] years within which all actions for personal injury must be begun, regardless of death and of the time of appointment of an administrator of the injured employee, and at the same time intended to allow an indefinite period within which application may be made for the appointment of an administrator as the prerequisite to an action to recover for wrongful death. Indeed the limitation would seem to be more necessary in the case of personal injuries than in the case of a wrongful death; for in the former case some part of the period of limitations will have run at the time of death. This inconsistency is avoided if the word `accrued,' whether applied to causes of action for personal injury or for wrongful death, be taken to apply uniformly to the time when the events have occurred which determine that the carrier is liable, even though the particular person through whose agency the liability is to be enforced, has not been designated.
"It is argued that, as it was provided by Lord Campbell's Act that the period of limitation should run from the time of death, the omission of that phraseology from the Employers' Liability Act indicates that it was the intention of Congress that the statutory period should run from a different time, namely, from the time of the appointment of an administrator. This argument, however, leaves out of account the fact that the present statute deals with causes of action arising from personal injury as well as causes of action arising from a wrongful death. The limitation that no action shall be maintained under this Act unless commenced within [three] years *162 from the day the cause of action accrued, applies to both. This accounts for the omission of any specific reference to death in fixing the period of limitation; and the fact that the limitation is made applicable equally to the two causes of action, one of which admittedly `accrues' on the happening of the events which fix the defendant's liability, leads persuasively to the conclusion that a like test was intended for determining when the cause of action accrued for wrongful death.

"Every practical consideration which would lead to the imposition of any period of limitation, would require that the period should begin to run from the definitely ascertained time of death rather than the uncertain time of the appointment of an administrator. Here the appointment was not made until six years after the death. No reason appears, if the opinion of the court below is followed, why the time might not have been extended indefinitely by the failure to apply for administration. The only persons who can procure the appointment of an administrator are ordinarily spouse, next of kin, or creditors of the decedent. Certainly the common carrier would have no standing to make the application. The very purpose of a period of limitation is that there may be, at some definitely ascertainable period, an end to litigation. If the persons who are designated beneficiaries of the right of action created may choose their own time for applying for the appointment of an administrator and consequently for setting the statute running, the [three]-year period of limitation so far as it applies to actions for wrongful death might as well have been omitted from the statute. An interpretation of a statute purporting to set a definite limitation upon the time of bringing action, without saving clauses, which would, nevertheless, leave defendants subject indefinitely to actions for the wrong done, would, we think, defeat its obvious purpose. There is nothing in the language of the statute to require, or indeed to support, such an interpretation."
271 U.S. at 63-65, 46 S.Ct. 405 (emphasis added; citations omitted).
Of course, Reading predated Urie. Nevertheless, extending the discovery rule to the personal representative of a deceased employee in a FELA personal-injury action would require us to overlook Reading. This is so, because such an extension would revive all the uncertainties with regard to the timing of wrongful-death actions that Reading sought to avoid. Of the several observations contained in Reading that counsel against the rule proposed by the plaintiffs in this case, we note the following points in particular.
First, the Court noted that FELA contains one limitations period, applicable to both personal-injury and wrongful-death actions, and explained that it was the intent of Congress to "impose a fixed limitation of [three] years within which all actions for personal injury must be begun, regardless of death and of the time of appointment of an administrator." 271 U.S. at 63, 46 S.Ct. 405. In other words, the death of the employee does not toll the accrual of a personal-injury claim. Second, and similarly, in order to produce consistency, the Court mandated a uniform application of the term "`accrued,' whether applied to causes of action for personal injury or for wrongful death." 271 U.S. at 63-64, 46 S.Ct. 405. The consistency with which the Court was concerned can be achieved only by holding that a FELA personal-injury claim must accrue no later than the day the employee dies. Otherwise, a wrongful-death action would accrue, pursuant to Reading, upon the death of the employee, but the personal-injury claim would accrue only when the personal representative, whenever such individual *163 could be identified and qualified, discovered, or should have discovered, the occupational nature of the illness.
Such would be the result if we extended the discovery rule to personal representatives, as the plaintiffs propose. Under such a rule, liability for the wrongful death of an employee would be extinguished three years after the death of the employee, while liability for the personal injury of that same employee could be held in abeyance indefinitely. This result would be clearly contrary to the policies and doctrine expressed in Reading, as well as to logic. Indeed, there is something logically amiss in the notion that a cause of action for personal injury can "accrue" decades after the employee, who has died, can neither discover, nor suffer, anything further.
Moreover, "[t]he community-disturbing event of death is likely to prompt immediate focus by third parties upon the cause thereof, thereby eliminating one possible delay involved in assembling a personal injury case." Cadieux v. International Tel. & Tel. Corp., 593 F.2d 142, 145 (1st Cir.1979). Survivors routinely seek medical and legal advice in the event of death. Thus, the FELA employee's death adds a significant dimension to a Urie-Kubrick analysis, a fact that Curry, supra, seems to have overlooked. It is one thing to toll the limitations period while the employee lives. However, as CSX points out, "extend[ing] the tolling of the statute of limitations until the death of the last surviving statutory beneficiary [under § 59]" could lead to absurd results. Brief of CSX, at 23. "[I]f there was living an infant dependent next-of-kin at the time the [employee] died, and if the personal representative did not discover the alleged cause of death until the infant was a senior citizen, there could be an effective tolling of sixty or more years." Id. That this scenario is more than theoretical is illustrated by Johnson's claims in this case, brought nearly three decades after her father's death. We conclude that death is sufficiently significant to trigger the accrual, not only of a cause of action for wrongful death, but also of a cause of action for personal injuries.
Consequently, until the United States Supreme Court revisits Reading, we are compelled to hold that the Urie-Kubrick discovery rule applies only to discovery by the railroad employees themselves, and not to discovery by the personal representatives of deceased railroad employees, bringing actions, pursuant to 45 U.S.C. § 59, for personal injuries allegedly incurred in the course of their employment. Cf. McGhee v. Chesapeake & Ohio R.R., 173 F.Supp. 587 (W.D.Mich.1959) (personal representative's wrongful-death and personal-injury FELA claims were timely, inasmuch as they were brought within three years of the date of death). Thus, because the claims of Johnson and Greene were brought more than three years after the deaths of the CSX employees on whose behalf they were asserting the claims, their claims are barred by the statute of limitations. The summary judgment in favor of CSX is affirmed.
AFFIRMED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and LYONS, J., concur in the result.
LYONS, Justice (concurring in the result).
Congress fixed the statute of limitations for actions arising under the Federal Employers' Liability Act ("FELA") at "three years from the day the cause of action accrued." 45 U.S.C. § 56. The United States Supreme Court established the time of injury as the moment of accrual and defined injury as occurring "`only when the accumulated effects of the deleterious *164 substance manifest themselves.'" Urie v. Thompson, 337 U.S. 163, 170, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) (quoting Associated Indem. Corp. v. Industrial Accident Comm'n, 124 Cal.App. 378, 381, 12 P.2d 1075, 1076 (1932)). Put another way, the action does not accrue until the injured employee "knows, or in the exercise of reasonable diligence should know, of facts indicating that the cause of the injury is work-related." Kindred v. Burlington Northern R.R., 742 So.2d 155, 157 (Ala. 1999).
Congress provided for the survival of FELA actions, but restricted survival to instances of "a person suffering injury." 45 U.S.C. § 59. At the time of the deaths of the deceased railroad employees in this case, it is undisputed that they had no knowledge of the work-related nature of their respective injuries. Under Urie, at the time of death, neither employee was "a person suffering injury." The actions by Greene and Johnson alleging that the employees suffered personal injury prior to death therefore do not survive because survival of the rights to personal representatives occurs only in instances of "a person suffering injury." I therefore concur in the result.
NOTES
[1] The Kubrick Court recognized that a discovery rule was emerging in FTCA cases, based on Urie. 444 U.S. at 120 n. 7, 100 S.Ct. 352.
[2] "FELA creates two separate causes of action which may apply in the event of the death of a ... railroad worker: personal injury or wrongful death (45 U.S.C. § 51). An action for personal injury survives the death of the [worker] (survival action) (45 U.S.C. § 59)." Miller v. Foster Wheeler Co., 98 Wash.App. 712, 715, 993 P.2d 917, 920 (1999). "A wrongful death action compensates beneficiaries for their own pecuniary losses sustained as a result of the death, while a personal injury survival action compensates for the personal injury to, and losses sustained by, the [worker]." 98 Wash.App. at 716, 993 P.2d at 920. See also Van Beeck v. Sabine Towing Co., 300 U.S. 342, 347, 57 S.Ct. 452, 81 L.Ed. 685 (1937); Baltimore & Ohio S.W.R.R. v. Carroll, 280 U.S. 491, 494, 50 S.Ct. 182, 74 L.Ed. 566 (1930); Rodzik v. New York Cent. R.R., 169 F.Supp. 803, 805 (E.D.Mich.1959).
[3] We omit any discussion of cases involving a claim brought by an injured employee.
[4] It is unclear whether Curry's complaint stated claims for personal injury, wrongful death, or both.
[5] The court also relied on Kichline v. Consolidated Rail Corp., 800 F.2d 356 (3d Cir.1986), which, like Urie and Kubrick, involved personal-injury claims by the injured employee, not by a personal representative. Thus, all three cases on which the court relied are inapposite for the same reason.