MADDOX, Justice.
This appeal involves an alleged misrepresentation made by an automobile dealer in connection with the sale of a used car. A jury assessed $12,500.00 as damages against the dealer, and the court entered a judgment in that amount.
The defendant raises two issues on appeal. It claims that: (1) The trial court should have ordered a new trial because the verdict was against the great weight and preponderance of the evidence; and, (2) The verdict of $12,500.00, which included punitive damages, was excessive.
The buyer introduced evidence, which, if believed, showed that she asked the dealer’s salesman if the car was a “one owner” car, and was told that it was, when, in fact, the salesman knew that the car was not a “one owner” car. The buyer also introduced evidence that she asked if the car had been wrecked and was told that it had been slightly “scratched,” but that, in fact, the salesman knew that the car had been in a wreck. The salesman, on the other hand, testified that he was not asked whether the car was “a one owner” car, and that he had told the buyer that there had been some damage to the side of the car and that he traded for it out of an automobile body shop. Needless to say, the evidence was in sharp conflict concerning the statements made at the time the car was sold. Obviously, the jury believed the buyer’s version.
The dealer’s main argument is that the rule of law this Court has applied in fraud cases involving the sale of new or used automobiles should be changed or modified. The dealer claims that the $12,-500.00 verdict in this case is excessive because the evidence showed that the buyer paid only $5,495.00 for the car and had driven it for 27,500 miles and had experienced no major problems with it. In support of its argument, the dealer states that fraud cases against new and used car dealers are “extremely dangerous cases for the dealers, due to the fact that the average juror tends to identify with the purchaser of the car as opposed to the seller.” The dealer specifically asks us to adopt the rule set out by the Chief Justice in his dissent in American Honda Motor Co. v. Boyd, 475 So.2d 835 (Ala.1985), and in his concurring opinion in Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981).
We see no reason to adopt a different rule than that set forth in American Honda, supra, 475 So.2d at 839:
“It is well settled, therefore, that if the evidence establishes an intent to deceive or defraud, then punitive damages are recoverable. Courtesy Ford Sales, Inc. v. Clark, 425 So.2d 1075 (Ala.1982); Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982). This principle was espoused over 100 years ago in the case of Munroe v. Pritchett, 16 Ala. 785 (1849), where this Court held that punitive damages are justified if a misrepresentation is made by one knowing that it is false.”
In the case before us, the evidence, although conflicting, was sufficient to support a jury finding that Harrison-Lovelace Pontiac Company, Inc., intentionally misrepresented the condition of the car to the buyer, and the following rule of law set out in American Honda, supra, is uniquely applicable here:
“It has long been the rule in Alabama that jury verdicts carry with them a presumption of correctness, and that this presumption is strengthened when the trial court denies a motion for new trial. Carroll Kenworth Truck Sales, Inc. v. Leach, 396 So.2d 1044 (Ala.1981); Walk *382 er v. Cardwell, 348 So.2d 1049 (Ala.1977). American Honda has failed to convince this Court that we should abandon this rule in the instant case. Therefore, we are of the opinion that the jury’s award of punitive damages was justified.”
475 So.2d at 839.
Based on the foregoing, therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
ALMON and BEATTY, JJ., concur.
TORBERT, C.J., and HOUSTON, J., concur specially.