J. ED TEASE, Retired Circuit Judge.
Buyer of a used automobile brought an action in fraud claiming damages against the proprietor and salesman of a used car business. The trial court entered judgment of $4,500 on a jury verdict, and proprietor (but not salesman) appeals.
The dispositive issue on appeal is whether the trial court erred in denying seller’s motion for directed verdict at the close of plaintiffs case.
Since the issue concerns a question of sufficiency of evidence, a brief summary of the evidence at trial is necessary. On June 20, 1986 Margaret Mace and her mother went to Jones Motor Company and talked to salesman Harmon Whigham about buying a 1981 Dodge automobile. Plaintiff Margaret Mace and her mother testified that Whigham represented that the car was in “excellent condition,” “was in good shape,” and “had never had a scratch on it.” Both denied having been told by Whig-ham of certain body damage and repairs to the car. After buying the car it was involved in an accident requiring repairs. Margaret Mace testified that the manager of the body shop informed her that the car had been previously damaged and was “dangerous to drive.” The body shop manager also testified to this fact.
Both the proprietor Jones and his salesman Whigham testified that Whigham had fully disclosed to the buyer the true damage and repair history of the vehicle as known by them.
Suffice it to say that the testimony conflicted sharply as to what was said between the salesman and the buyer.
At the close of plaintiffs case defendant moved for a directed verdict, which was denied by the trial court.
We agree that the seller was not entitled to a directed verdict and affirm. The plaintiff offered evidence from which the jury could find each necessary element of actionable fraud.
Moreover, the trial court correctly charged the jury on the fraud claim and the damages recoverable thereunder. No exception was taken to the oral charge by either party.
“On review, a jury verdict is presumed correct. Such a verdict will not be set aside unless it is against such a preponderance of the evidence as to clearly convince the reviewing court that it is the result of bias and prejudice and is wrong and unjust. Herring v. Prestwood, 414 So.2d 52 (Ala.1982); Pennington v. Yarbrough, 406 So.2d 943 (Ala.Civ.App.1981). This presumption of correctness is strengthened by the denial of a motion for new trial by the trial judge who heard the evidence and observed the witnesses. McKinney v. Alabama Power Co., 414 So.2d 938 (Ala.1982).”
Magic City Dodge, Inc. v. Odom, 474 So.2d 740, 742 (Ala.Civ.App.1985).
Seller next argues that buyer bought the vehicle “as is” and therefore is precluded from suit under warranties. This argument is not well taken for at least two reasons. This is not a suit on breach of implied warranties. It is clearly an action in fraud. In addition, nowhere in the record does it appear that seller sought to have the matter of an “as is” sale of property submitted to the jury by written requested charge, exception to the court’s oral charge, or otherwise.
Lastly, seller argues that the evidence did not support an award of punitive damages. Since the vehicle was purchased for $3,195 and the jury’s verdict was for $4,500, it must be assumed that some portion of the damages awarded were punitive in nature.
The right of a plaintiff to recover punitive damages exists if the fraud is malicious, oppressive, or gross and the misrepresentation is made with knowledge of its falsity and with the purpose of injuring him. Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970).
In the case at hand the evidence was sufficient from which the jury could infer that a misrepresentation was made by seller or his agent-salesman with knowledge of its falsity and with the intent to lead the buyer to act to her injury. Consid *433 ering the evidence presented to the jury and the presumptions favoring jury verdicts, we find no error in the jury’s award of punitive damages.
For the above stated reasons, the judgment of the trial court is due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.