ROBERTSON, Judge.
This is a fraud case.
Lew Jones brought an action for fraud against Chrysler Motor Corporation (Chrysler) and Stokes Chevrolet Chrysler, Inc. (Stokes), alleging that they knowingly misrepresented the mileage on a vehicle he purchased from them. The trial court granted summary judgment in favor of Stokes. A jury trial resulted in a verdict against Chrysler and in favor of Jones for $800 compensatory damages and $1000 punitive damages. After posttrial motions were denied, Jones appealed and Chrysler cross-appealed.
Jones argues on appeal that the trial court erred when it failed to give three requested jury charges and when it precluded Jones’s counsel from questioning Chrysler’s corporate representative concerning certain federal statutes.
On its cross-appeal, Chrysler contends that the trial court erred in permitting Jones’s claims for fraud and punitive damages to be presented to the jury.
A brief recital of the facts is necessary for purposes of this appeal. Jones purchased a vehicle from Stokes and later received notification from Chrysler that the vehicle had been part of a random quality control testing program in which Chrysler’s employees evaluated selected vehicles by driving them with the odometer disconnected before returning the vehicle to the plant to complete the manufacturing process. This resulted in more actual mileage on the vehicle than the odometer reflected. Chrysler notified Jones that his vehicle had been involved in this testing program, and that as a result, he was being given an extended warranty beyond the warranty protection Jones received when he purchased the new vehicle.
Jones brought this action, alleging that Stokes and Chrysler knowingly misrepresented the mileage of the vehicle to Jones. Jones contends that such misrepresentation induced him to purchase the vehicle and that he suffered damages as a result of the misrepresentation, because, he says, the true value of the vehicle is decreased due to the inaccuracy of the odometer.
The trial court refused to give Jones’s requested supplemental jury charges A, B, and C, which concerned federal statutes pertaining to odometer readings. Jones correctly objected and preserved the right to appeal that refusal. Rule 51, Alabama Rules of Civil Procedure. Jones contends that the charges are relevant because they go to the issues of intent, knowledge of a violation of federal law, and the gravity of the wrong inherent in fraud.
It is well established that each party is entitled to have proper instructions given to the jury regarding the issues presented in the case. Liberty National Life Ins. Co. v. Smith, 356 So.2d 646 (Ala.1978). On appeal the entire charge must be reviewed to determine if there is reversible error. Allen v. Mobile Interstate Piledrivers, 475 So.2d 530 (Ala.1985).
In the instant case, the refused charges dealt with federal statutes regarding odometer readings. Jones asserted a claim for fraud against Chrysler, and the issue for the jury to decide was a factual question of whether fraud had been committed by Chrysler. It was not an issue for the jury to decide whether Chrysler had violated those federal statutes. Thus, refusal to give Jones’s requested supplemental jury charges A, B, and C was correct.
Jones next contends that the trial court erred in precluding Jones’s counsel from questioning Chrysler’s representative, Mr. Ronald Ustruck, concerning the federal statutes enumerated in Jones’s supplemental jury charges. He correctly asserts in his brief that the trial court has wide discretion to exclude or admit evidence. It is well settled that questions of materiality, relevancy, and remoteness rest largely with the discretion of the trial court, and *1326 that its rulings must not be disturbed absent gross abuse. Ryan v. Acuff, 435 So.2d 1244 (Ala.1983).
Our review of the record reveals that Jones’s questions to Ustruck regarding the federal statutes were not allowed by the trial court on direct examination because they were deemed to be irrelevant. The trial court specifically stated to Jones's counsel, “[Chrysler is] not on trial for criminal violations.... You are here to prove a fraud case against Chrysler ... whether or not they have violated this criminal statute under the federal law is not relevant to this case_” Later, Jones was allowed, over Chrysler’s objections, to recall Ustruck and question him regarding the federal laws and whether Chrysler had acted in violation of those laws. The record reveals that Jones was not completely prohibited from questioning Ustruck regarding the statutes. Even if Jones had been denied this opportunity, such would not have been an abuse of the trial court’s discretion requiring reversal. Rule 45, A.R.App.P.
On cross-appeal, Chrysler first contends that the trial court erred in permitting Jones’s claim for fraud to be presented to the jury. It is Chrysler’s position that Jones failed to prove all of the elements of fraud and that denial of Chrysler’s motion for a partial judgment notwithstanding the verdict was in error.
A motion for a judgment notwithstanding the verdict, as nothing more than a renewal of a party’s motion for directed verdict, should only be granted where a grant of a directed verdict would have been proper. Frederick v. Reed, 410 So.2d 95 (Ala.Civ.App.1982). Our standard for review for these two motions is the same. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778 (Ala.1984). That is, the jury must be allowed to pass on the evidence if there is evidence which would support a verdict in favor of the non-movant. Stauf-fer. Here, because this action was filed after June 11, 1987, there must be substantial evidence favorable to the non-movant. § 12-21-12, Code 1975; Auburn Ford, Lincoln Mercury, Inc., v. Norred, 541 So.2d 1077 (Ala.1989).
The law is clear that on the issue of fraud, four elements must be present: (1) a false representation; (2) concerning a material fact; (3) upon which the plaintiff relies: and (4) by which the plaintiff is damaged as a proximate result. Transport Acceptance Corp. v. Vincent, 521 So.2d 976 (Ala.1988). It is undisputed that the odometer on the vehicle Jones purchased was disconnected, with Chrysler’s knowledge, for a period of time, and that now it is impossible to ascertain the exact number of miles on the vehicle. The effect that will have on the trade-in value, to someone other than Chrysler, is yet unknown. Our review of the record reveals that Jones offered substantial evidence from which the jury could find each of the necessary elements of fraud. Accordingly, it was not error for the trial court to permit Jones’s claim for fraud to be presented to the jury.
Chrysler next contends that the trial court erred in permitting Jones’s claim for punitive damages to be presented to the jury, which resulted in an award of punitive damages.
The law is clear that punitive damages may be awarded only if the evidence establishes an intent to deceive or defraud. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Griffin, 493 So.2d 1379 (Ala.1986); See, Ford Motor Co. v. Burkett, 494 So.2d 416 (Ala.1986), and Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). The evidence presented by Jones to the jury lends itself to a reasonable inference that at the time of the shipment and subsequent sale of the vehicle, Chrysler knew that the mileage on the odometer was not a true accounting of the actual mileage on the vehicle. Additionally, it can be inferred from the evidence that Chrysler intended for Jones, like other consumers, to rely on the accuracy of the odometer reading as a factor in making the decision whether to purchase the vehicle. The evidence is sufficient to support a finding that Chrysler intentionally misrepresented the mileage reading on the vehicle. The rule is well settled that punitive damages are justified when a misrepresen *1327 tation is made by one knowing that it is false. Harrison-Lovelace Pontiac Co. v. Ergle, 502 So.2d 380 (Ala.1987).
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.