Robert A. Fincher sued Robinson Brothers Lincoln-Mercury, Inc. ("Robinson"), alleging that the new Mercury Sable automobile that he had purchased from Robinson was defective and seeking damages under theories of breach of warranty and fraud. The trial court entered a summary judgment for Robinson on both claims. Fincher appealed.[1] We affirm.
Summary judgment was proper in this case if there was no genuine issue of material fact and Robinson was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Robinson to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If Robinson made that showing, then the burden shifted to Fincher to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990). In determining whether there was a genuine issue of material fact, this Court must view the evidence in a light most favorable to Fincher and must resolve all reasonable doubts against Robinson. Because this action was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The following material facts appear to be undisputed: After seeing various advertisements that had been placed by Ford Motor Company ("Ford") touting the qualities of its new Mercury Sable line of automobiles *Page 258 
and after deciding that he wanted to purchase a Mercury Sable, Fincher visited Robinson, where he was told by a sales representative that the Sable would not be available for sale for a month or so. Fincher says that in discussions with him, the representative told Fincher that the Sable was a "fine car," that it "would be dependable and reliable and that it would give [him] good service," that it "was well-suited for [his] purposes," and that it "was well and properly constructed." Although Robinson had no Sables on its lot for Fincher to inspect or to test drive, Fincher placed a special order for a new Sable. An order form signed by Fincher and a copy of an invoice received by him both contained the following language, which was printed in a type and color (red) that contrasted with the type and color used in the remainder of the documents:
 "The Seller, ROBINSON BROS. L-M, Inc., hereby expressly disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose and ROBINSON BROS. L-M, Inc., neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the vehicle."
This language also appeared in these two documents in prominent locations and apart from other language.
Fincher contends that the summary judgment on his breach of warranty claim was improper. Conceding that Robinson made no express warranty with respect to the condition of his automobile, he argues that his automobile was impliedly warranted by Robinson to be "properly constructed, merchantable, and fit for its ordinary and intended purposes." Robinson contends that it complied with Ala. Code 1975, §7-2-316(2), and, thereby, disclaimed any implied warranties that could have arisen out of the sale of the automobile to Fincher. Fincher maintains that the language used by Robinson in the invoice and in the order form was not "conspicuous" and, therefore, was insufficient as a matter of law to disclaim any implied warranties. The dispositive issue, therefore, is whether there was a disclaimer of warranties under §7-2-316(2).
Section 7-2-316(2) provides:
 "Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description of the face hereof.' "
"Conspicuous" is defined in § 7-1-201(10) as follows:
 "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is 'conspicuous.' Whether a term or clause is 'conspicuous' or not is for decision by the court."
The undisputed facts in this case show that Robinson disclaimed any implied warranties that could have arisen from its sale of the automobile to Fincher. Both the copy of the invoice received by Fincher and the order form signed by him contained disclaimers that satisfy the requirement of conspicuousness set out in § 7-1-201(10).[2] Accordingly, the summary judgment for *Page 259 
Robinson was proper as to the breach of warranty claim. SeeDairyland Ins. Co. v. General Motors Corp., 549 So.2d 44
(Ala. 1989), and Wilson v. Larry Savage Chevrolet, Inc.,477 So.2d 384 (Ala. 1985).
Fincher also contends that the summary judgment for Robinson was improper as to his fraud claim. He argues that a genuine issue of material fact exists as to whether a representative of Robinson made false representations of material fact to him concerning the condition and anticipated performance of his automobile upon which he relied to his detriment. Robinson contends that the statements made to Fincher amounted to nothing more than expressions of opinion concerning the anticipated performance of a new line of automobiles and, therefore, that they did not constitute actionable fraud. We agree.
The elements of actionable fraud based on a false representation are: 1) a duty to speak the truth; 2) a false representation of a material fact made intentionally, recklessly, or innocently; 3) action by the plaintiff upon the false representation; and 4) damages proximately resulting from the false representation. Salter v. Alfa Ins. Co.,561 So.2d 1050 (Ala. 1990). However, statements of opinion amounting to nothing more than "puffery" or predictions as to events to occur in the future are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim. Lawson v. Cagle,504 So.2d 226 (Ala. 1987); American Pioneer Life Ins. Co. v.Sherrard, 477 So.2d 287 (Ala. 1985); Cooper Co. v. Bryant,440 So.2d 1016 (Ala. 1983); Harrell v. Dodson, 398 So.2d 272
(Ala. 1981).
The undisputed facts in the present case show that a representative of Robinson told Fincher, in essence, that his new Mercury Sable would perform in accordance with his expectations. Fincher was told this approximately one month before the Sable was made available for sale at Robinson and at a time when Robinson did not have a Sable on its premises. The statements made by the representative to Fincher were apparently based upon information that Robinson had received from Ford — the same kind of information that Fincher had gained through Ford's advertisements and on which he had based his decision to purchase. In Harrell v. Dodson, supra, at 274-75, this Court, quoting Fidelity Casualty Co. of New Yorkv. J.D. Pittman Tractor Co., 244 Ala. 354, 358, 13 So.2d 669,672 (1943), stated:
 " 'Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in itself conclusive, and in cases of doubt the question should be left to the jury.' "
(Citations omitted.) After considering all of the evidence in the present case in the light most favorable to Fincher, as our standard of review requires us to do, and recognizing that in cases of doubt the question should be left to the jury, we conclude that a jury could not reasonably find that the statements relied on by Fincher in support of his fraud claim were representations of material fact. To the contrary, in our view the only reasonable inference that can be drawn from the evidence is that the statements were statements of opinion amounting to nothing more than "puffery" or predictions concerning the anticipated performance of the Mercury Sable line of automobiles. Consequently, because Fincher had no right to act on these statements, they could not support Fincher's fraud claim. The summary judgment for Robinson was proper as to the fraud claim.[3] *Page 260 
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Fincher also sued Ford Motor Company, alleging breach of warranty and fraud. The trial court entered a summary judgment for Ford on the fraud claim. Fincher did not appeal from that judgment. Fincher settled his breach of warranty claim against Ford for $12,500, and that claim was dismissed by the trial court. Ford is not a party to this appeal.
[2] Robinson supplemented the record on appeal to include the original invoice and order form. Those documents clearly show the disclaimers to be in red print. Fincher asserts that the trial court never saw the original documents, but, instead, based its judgment on black and white photocopies of those documents. Fincher argues that the red print shown in the original documents cannot serve as a basis for upholding the judgment. It is difficult for us to tell from the record whether the trial court considered the red print in entering the judgment for Robinson. In any event, we note that even if the disclaimers had not been printed in red they would still satisfy § 7-2-316(2).
[3] This case is distinguishable from Ford Motor Co. v. Phillips,551 So.2d 992 (Ala. 1989); Sharp Electronics Corp. v. Shaw,524 So.2d 586 (Ala. 1987); Ford Motor Co. v. Burkett, 494 So.2d 416
(Ala. 1986); Treadwell Ford, Inc. v. Campbell, 485 So.2d 312
(Ala. 1986), appeal dismissed, 486 U.S. 1028, 108 S.Ct. 2007,100 L.Ed.2d 596 (1988); and Jones v. Mace, 550 So.2d 431
(Ala.Civ.App. 1989). In each of those cases there was sufficient evidence to create a fact question as to whether a false representation of material fact had been made by the defendant that could have been acted on by the plaintiff to the plaintiffs detriment.
We also note that, in light of the circumstances surrounding his purchase of the automobile, had Fincher alleged and argued that the statements made to him by Robinson's representative were statements of opinion upon which a fraud claim could be predicated, the summary judgment would, nonetheless, have been proper. See Reynolds v. Mitchell, 529 So.2d 227 (Ala. 1988).