STEAGALL, Justice.
Chris Myers Pontiac-GMC, Inc. (hereinafter “Myers Pontiac”), sold an automobile to Angie L. Herring, adding to the purchase price a “fee” of $129. Herring sued Myers Pontiac, alleging that it had misrepresented the purpose of that fee. The trial court entered a summary judgment for Myers Pontiac, and Herring appeals.
The record reflects that a representative of Myers Pontiac told Herring that the $129 was added as a “document fee.” Myers Pontiac’s answers to Herring’s interrogatories reveal that it uses the money collected by this “document fee” to cover some of its expenses, such as salaries, insurance, telephones, computers, and office equipment.
On a motion for a summary judgment, the burden is on the movant to make a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. Fincher v. Robinson Brothers Lincoln-Mercury, Inc., 583 So.2d 256 (Ala.1991).
*575 Myers Pontiac argues that it made no misrepresentation to Herring; however, the record contains evidence indicating that Myers Pontiac misrepresented the purpose of the “document fee.” Because Myers Pontiac failed to make a prima.facie showing that there is no genuine issue of material fact as to whether it misrepresented the purpose of the document fee, the summary judgment was improper.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.