SHORES, Justice.
The plaintiffs appeal from a summary judgment for the defendant. John Weaver, Jr., Fern Weaver, and John Weaver III sued Shoals Pest Control (“Shoals”), alleging that their illnesses and the death of their pets had been caused by the toxic substances Shoals had used treating their home. The Weavers alleged that Shoals had negligently and/or wantonly placed toxic substances in their home, and that this negligence and breach of express warranty proximately caused their injuries. The trial court entered a summary judgment in favor of Shoals, ruling that the Weavers had not produced substantial evidence that the insecticides caused their illnesses or the death of their pets or that Shoals acted negligently in applying the substances. We reverse and remand.
Viewing the evidence in a light most favorable to the Weavers, as nonmovants, we must determine if the Weavers presented substan *2 tial evidence that there was a genuine issue of material fact, thus precluding a summary judgment against their claim. Rule 56, A.R.Civ.P.; Fincher v. Robinson Brothers Lincoln-Mercury, Inc., 583 So.2d 256 (Ala. 1990). West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989). The substantial evidence test requires “evidence of such weight and quality that fair minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Id.
On August 5, 1991, an employee of Shoals treated the Weavers’ home in Florence, Alabama, for termites. After the treatment, the Weavers suffered respiratory problems, skin and eye irritation, laryngitis, and other side effects that they contend were caused by the product used to treat their house. Also, a cat and two kittens that lived in the house died. Fern Weaver states she was forced to leave her home, except for short periods of time, on the night after the treatment and during the two months thereafter. The Weavers stated that they require medical treatment for their injuries and that they had incurred costs for alternative housing.
Shoals moved for a summary judgment pursuant to Rule 56, A.R.Civ.P. It supported its motion by the pleadings; the deposition of Dr. Patrick Morgan II, Ph.D., the pesticide administrator of the Alabama Department of Agriculture and Industry; and the deposition of Dr. Danny Y. Martin, Fern Weaver’s physician.
In response to the motion, the Weavers submitted the deposition of Dr. Glen D. Sockwell. On November 3, 1993, the circuit court entered a summary judgment for Shoals, holding that the Weavers had offered no substantial evidence that the insecticide did in fact cause the claimed harm or that Shoals had acted negligently in treating their home.
Dr. Martin testified that all of Fern Weaver’s symptoms were worse after the insecticide treatment. Although he said it might not be possible to prove that the insecticide caused her illnesses, he stated, “You know, I’d have to say it was related to whatever was sprayed at her home. That’s all — but that’s just a — my best guess.” Dr. Sockwell testified that the illness of John Weaver III was an allergic reaction to an unknown substance and this reaction seemed to worsen following visits to the home after it had been treated. Paul M. Schuler, M.D., a pulmonary and critical care specialist, stated that a toxic substance could possibly cause the injuries suffered by John Weaver III. Mr. Bill Roach, the plaintiffs’ insecticide expert, concluded that if the insecticide was properly applied, the injuries to the Weavers should not have occurred. Therefore, he concluded that, because the Weavers were living in the home with no problems before the insecticide treatment, it was most likely that their illnesses were caused by a negligent application of the insecticide.
Causation is a material element in a negligence claim. For a summary judgment to be proper, there must be no genuine issue of material fact. Rule 56, Ala.R.Civ.P.; King v. Breen, 560 So.2d 186 (Ala.1990). There is evidence from which a jury could conclude that the Weavers were injured by a negligent application of insecticide. The Weavers presented evidence that they suffered from numerous illnesses that either originated or intensified immediately following the insecticide treatment. There was evidence that the toxic substances used in the insecticide could possibly cause the illnesses complained of. Also, the evidence tended to show that the insecticide, if applied correctly, should cause no side effects. Because there was a genuine issue of material fact concerning the cause of the Weavers’ illnesses, the summary judgment was not proper. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.