In July 1995, Lamar Kindred was diagnosed with asbestosis, an inflammation of the lungs caused by the inhalation of asbestos particles. In September 1995, he sued Burlington Northern Railroad Company under the Federal Employer's Liability Act, 45 U.S.C. § 51
et seq. ("FELA"). The plaintiff alleged that he was suffering from asbestosis because of his exposure to asbestos in the line and scope of his employment with St. Louis-San Francisco Railway Company, a predecessor to the defendant Burlington Northern Railroad Company (BN). The Jefferson Circuit Court entered a summary judgment in favor of BN. The plaintiff appealed. We reverse and remand.
The defendant contended that, as a matter of law, the plaintiff was aware, in 1973 or, at the latest, in 1979, that he was suffering from shortness of breath that was related to his occupation. The trial court agreed. However, we conclude, based upon the evidence, that the trial court erred in this regard.
Kindred worked as a laborer and hostler helper for BN and its predecessor from 1942 until he retired in 1973. He had worked for T T Powder Plant from 1940 until 1942. After retiring, he experienced respiratory problems on several occasions.
The dispositive issue is whether the trial court, in entering the summary judgment for the defendant, erred in concluding that the plaintiff's medical records and testimony provide "undisputed evidence that Mr. Kindred suffered from shortness of breath related to his occupation by 1973, and at a minimum by 1979."
A summary judgment is proper when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ala. R. Civ. P. 56(c)(3); Chatham v.CSX Transp., Inc., 613 So.2d 341, 343 (Ala. 1993). In considering a motion for a summary judgment, the court must view the evidence in a light most favorable to the nonmovant and resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party. Fincherv. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256 (Ala. 1991). Once the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to come forward with evidence creating a genuine issue of material fact. Chatham, 613 So.2d at 343. The nonmovant must meet this burden by "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, § 12-21-12. The trial court entered the summary judgment for BN on the basis that the three-year statutory limitations period for filing a FELA action had expired before the plaintiff filed his action.
BN argues that Kindred testified by deposition that at the time of his retirement in 1973, he believed his breathing problems were due to his long-term employment with the railroad. Therefore, BN argues, Kindred had "notice" of a claim at least 22 years before he sued in 1995. However, Kindred argues that his deposition testimony does not contain an acknowledgment, on the occasion of his retirement, that his injury was work-related. Therefore, the plaintiff argues, a genuine issue of material fact exists concerning when he knew, or should have known, of his injury and its cause. We agree.
In part, Kindred stated the following in his deposition: *Page 157 
 "Q. Was the dust, as far as you're aware of, coal dust?
"A. Coal dust.
 "Q. Okay. What physical problems do you contend you have today that relate to this dust that you've talked about?
"A. It involves me breathing.
"Q. It involves your breathing?
"A. Breathing.
 "Q. Do you take any sort of oxygen treatment, or are you on any kind of an inhalant or anything like that?
"A. No.
 "Q. When did you first start figuring out you had any problem breathing that would be related to your work?
"A. Well, I can't recall right now.
 "Q. Okay. Would it have been — When you retired, did you have any trouble breathing at all?
"A. I —
"Q. Had you noticed any shortness of breath by age 65?
"A. Well, my breath wasn't as good as it had been being.
 "Q. Did you think that that had anything to do with those long years that you had worked for the railroad and for T T and all other odd jobs you had?
"A. I believe so."
(R.T. 234-35.)
When a claim accrues, for statute-of-limitations purposes, is a question of law if the facts are undisputed and the evidence warrants but one conclusion. See LeBlang Motors, LTD. v. Subaruof America, Inc., 148 F.3d 680 (7th Cir. 1998); JN Exploration Production v. Western Gas Resources, Inc., 153 F.3d 906 (8th Cir. 1997); DXS, Inc. v. Siemens Medical Systems, Inc., 100 F.3d 462
(6th Cir. 1995). However, when a disputed issue of fact is raised, the determination of the date of accrual of a cause of action for statute-of-limitations purposes is a question of fact to be submitted to and decided by a jury. Id. This Court has written:
 "Federal courts have interpreted two Supreme Court cases, Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed.2d 1282 (1949), and United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), to mean that [a] FELA claim accrues, and the statutory period of limitations begins to run, `when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known.'"
Chatham v. CSX Transp., Inc., supra, 613 So.2d at 344, citingMcCoy v. Union Pac. R.R., 102 Or. App. 620, 623-24, 796 P.2d 646,648 (1990). In Urie, the plaintiff, a fireman, worked on steam locomotives on the Missouri Pacific Railroad. After he had worked with silicon and experienced shortness of breath for 30 years, his condition deteriorated to the point that he was no longer able to work. His condition was diagnosed as silicosis. He sued the railroad. The United States Supreme Court, reversing a judgment of the Supreme Court of Missouri, held that the statutory limitations period did not commence to run on the plaintiff's claim until he was diagnosed with silicosis. Urie,337 U.S. at 170-71. Under Urie, a FELA cause of action accrues when an injured person knows, or in the exercise of reasonable diligence should know, of facts indicating that the cause of the injury is work-related. Id.
It is settled that the standard for determining the date of accrual of a FELA cause of action is flexible and that it should be applied on a case-by-case basis. CSX Transp., Inc. v. Maynard,667 So.2d 642 (Ala. 1995). In United States v. Kubrick,444 U.S. 111 (1979), the United States Supreme Court established for FELA cases what has come to be known as the Kubrick test — When did the employee know the facts of injury and causation? In DuBose v. *Page 158 Kansas City Southern Ry., 729 F.2d 1026 (5th Cir. 1984), the United States Court of Appeals for the Fifth Circuit stated:
 "The discovery rule developed to avoid mechanical application of statutes of limitations. Thus, we do not read Kubrick as setting an inflexible rule. Instead, we think that the Court intended the discovery rule to be applied in differing fact situations to effectuate the rationale behind the rule. . . . When a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lays to rest a plaintiff's suspicion regarding what caused his injury."
729 F.2d at 1031. (Citations omitted.)
A FELA action must be brought within the three years allowed by the statute of limitations found in 45 U.S.C. § 56. First, the plaintiff has the burden of alleging that he has brought the action within the statutory time limitation; this implies a duty to allege an excuse for delaying beyond the statutory period. SeeEmmons v. Southern Pacific Transportation Co., 701 F.2d 1112, 1117
(5th Cir. 1983). It is sufficient if it appears from the complaint that the FELA action was commenced within the limitations period; in such a case, the plaintiff does not need to allege in the complaint that the action was filed within the period. 45 U.S.C. § 56. Kindred's first amended complaint affirmatively alleges that his action was commenced within three years after he obtained sufficient facts for his injury and its cause, including its work-relatedness, to become known to him.
Next, BN must present evidence showing that Kindred's action is barred by the statute of limitations. BN argues that Kindred admitted in his deposition testimony that he knew in 1973 that his injury was work-related. When asked, during his deposition, whether he believed his breathing problems had anything to do with his years of employment with the railroad, Kindred replied, "I believe so." BN contends that Kindred's statement indicates that he knew of his injury and its cause 22 years before he filed this lawsuit. However, Kindred's response is ambiguous and leaves a question as to whether he was referring to his knowledge at the time of the deposition or his knowledge in 1973. Furthermore, in the deposition testimony appearing just before this response, Kindred states that he does not recall when he first suspected that his breathing problem could be work-related. Therefore, a disputed question of fact is raised regarding the date of accrual, for statute-of-limitations purposes; this creates a question of fact for the jury.
BN also argues that Kindred's medical history supports the conclusion that 1973 was the date of Kindred's discovery of his injury. However, no evidence in Kindred's medical records suggests a causal connection to his employment, or suggests that any of Kindred's medical ailments were related to asbestos. In February 1979, Kindred, 71 years old at the time, was hospitalized and diagnosed with "a viral illness, flu-like syndrome, possible pneumonitis." In March 1983, he was diagnosed with, and treated for, bronchitis. In June 1985, he was hospitalized after passing out while cutting grass, and on that occasion he was diagnosed with, and treated for, hypotension. The radiologic and fluoroscopic findings revealed that "a very minimal amount of pleural fluid in the lung bases cannot be excluded [and] coexisting interstitial edema cannot be entirely excluded." In October 1987, Kindred complained of weakness and a lack of energy and was diagnosed with a viral syndrome and was treated at a local hospital. In February 1993, he was diagnosed with early interstitial lung disease. In July 1995, Kindred was diagnosed with asbestosis. The notes made in his medical records, indicating what could have been diagnoses of common respiratory ailments, gave Kindred no reason to know or to be expected *Page 159 
to know, prior to his medical diagnosis of asbestosis in July 1995, that he was suffering from work-related asbestosis. The record contains no evidence indicating that Kindred suspected that his respiratory problems were work-related. It contains no evidence indicating that the doctors who treated Kindred ever suggested to him that his respiratory problems could have been caused by his previous employment. It contains no evidence indicating that Kindred should have connected his respiratory problems to his past employment. A jury could conclude, based on Kindred's deposition testimony and on his medical reports, that it was not until he was diagnosed with asbestosis that he realized his respiratory problems were work-related. Therefore, BN has not shown the absence of an issue of fact on the question whether Kindred's claim accrued more than three years before he filed this action.
Kindred presented sufficient evidence to create a genuine issue of material fact as to whether he filed the complaint in this action within three years of the accrual of his claim. Therefore, the trial court erred in holding that BN was entitled to a summary judgment, and in not sending to the jury the issue of the accrual date of Kindred's FELA claim.
The question is: When should Kindred, in the exercise of reasonable diligence, have suspected that his shortness of breath had been caused by his occupation, and when, on that basis, should he have sought medical advice and legal counsel?
The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
Hooper, C. J., and Maddox, Kennedy, Lyons, Brown, and Johnstone, JJ., concur.
See, J., concurs in the result.