MONROE, Judge,
dissenting.
Because I would reverse the summary judgment entered in favor of Burlington Northern and Illinois Central railroads, I must respectfully dissent.
Wilkerson was not diagnosed with asbestosis until 1995. Although he knew he was a candidate for the disease nearly a decade earlier, I do not think that his cause of action under the FELA accrued until he had an actual diagnosis of asbestosis. See Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) (the statutory limitations period did not begin to run in the plaintiffs FELA case until he was diagnosed with silicosis). See also, Kindred, v. Burlington Northern Railroad Co., 742 So.2d 155 (Ala.1999).
I do not understand how one could have a cause of action for having an asbestos-related disease .until he actually has the disease. Having an increased chance of getting the disease cannot trigger the statute of limitations period. I do not believe that the statute-of-limitations period had run on Wilkerson’s FELA claim. Therefore, I would reverse the summary judgment.
YATES, J., concurs.