YATES, Presiding Judge.
Haden Campbell, on February 15, 2002, sued his former employer, CSX Transportation, Inc., pursuant to the Federal Employers’ Liability Act (“FELA”), 45 U.S.C. §§ 51-60, and the Locomotive Inspection Act, 49 U.S.C. §§ 20701-20708 (collectively referred to as “the FELA action”),[1] alleging that he had been exposed to asbestos during the course of his employment with CSX and that he had been diagnosed with asbestosis “less than three years prior to the date of filing this cause of action.” Campbell sought to recover damages for, among other things, pain and suffering, mental anguish, and fear of an increased risk of contracting cancer. CSX answered the complaint, raising, among other things, the statute of limitations as a defense.
On April 23, 2003, CSX moved the court for a summary judgment, arguing, among other things, that Campbell’s FELA action was barred by the applicable three-year limitations period. CSX relied upon Campbell’s deposition testimony as well as the pleadings and papers on file with the trial court in support of its motion. On June 12, 2003, Campbell submitted a brief and argument in response to CSX’s motion for a summary judgment but he submitted no evidentiary materials in response to the motion. On June 18, 2003, CSX submitted a reply brief in response to Campbell’s brief and argument. The trial court, on June 26, 2003, entered a summary judgment in favor of CSX, finding that Campbell’s FELA action was barred by the applicable limitations period.
On July 22, 2003, Campbell moved the court to alter, amend, or vacate its judgment. Campbell presented his affidavit and certain medical records in support of his motion, including a document indicating that he had been diagnosed with asbestosis on May 14, 2001. On August 6, 2003, CSX moved the court to deny Campbell’s postjudgment motion and to strike the evidence offered by Campbell in support of his postjudgment motion, arguing that the evidence could not be properly presented with a postjudgment motion filed pursuant to Rule 59(e), Ala. R. Civ. P. The trial court, on August 13, 2003, entered an order denying Campbell’s postjudgment motion and striking the evidentiary materials. Campbell appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for a summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the mov-ant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must *925 review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Campbell was hired in 1945 as a track laborer by CSX’s predecessor, Louisville and Nashville Railroad Company. Campbell worked as a track laborer primarily doing maintenance work until he retired from CSX in approximately 1982. He was 61 years old at the time he retired from CSX, and his retirement was unrelated to asbestosis. Campbell was diagnosed with asbestosis by Dr. Jay T. Segarra on May 14, 2001.[2] In support of its motion for a summary judgment, CSX relied upon the following testimony in Campbell’s deposition: [3]
“A. The only way I found out about that asbestos, my home doctor here, he x-rayed me and he said, “You’ve got something on your lungs.’ I said, ‘What is it?’ He said, ‘I don’t want to get involved in that.’
“Q. So he didn’t tell you what it was?
“A. He wouldn’t tell me.
“Q. Was this Dr. Ashley?
“A. Dr. Ashley. He said I don’t want to get involved in that.
“Q. Well, did Dr. Ashley ever tell you you had emphysema?
“A. He didn’t tell me nothing. He just said, ‘You’ve got something on your lungs.’ I said, What is it?’ ‘He said, I don’t want to get involved with it.’
“Q. When did he tell you this?
[[Image here]]
“A. After I had my open-heart surgery.
“Q. That was 10 years ago?
“A. Yeah. The heart specialist put me on Ashley.
“Q. So it was about 10 years ago Dr. Ashley told you you’ve got something on your lungs?
“A. Yeah. I wanted to know what it was. He said, T don’t want to get involved in that.’
“Q. Did he tell you to go to another doctor?
“A. He didn’t tell me nothing.
“Q. Did you go to another doctor?
“A. No, I didn’t go to another doctor.
“Q. How come?
[[Image here]]
“A. I just — I just figured — I don’t know. I couldn’t — -I couldn’t tell you that. I don’t know. I wanted to know what it was.”
In entering the summary judgment in favor of CSX, the trial court made the following finding:
“[CSX], among other defenses, asserts that all of [Campbell’s] claims are barred by the statute of limitations of three (3) years. A cause of action under FELA accrues when an injured person knows, or in the exercise of reasonable diligence should know, of facts indicating that the cause of the injury is work *926 related. [Campbell] in his deposition testified that approximately ten years ago his family doctor stated that he had ‘something on [his] lungs.’ [Campbell] took no action after being advised by his family doctor of this and sought no further medical treatment. If a party suspects or has reason to suspect that an injury exists he cannot toll the statute of limitations by failing to investigate or seek further medical diagnosis for the illness.”
A FELA action has a statute of limitations of three years. Kindred v. Burlington Northern R.R., 742 So.2d 155 (Ala.1999). Our supreme court has stated:
“When a claim accrues, for statute-of-limitations purposes, is a question of law if the facts are undisputed and the evidence warrants but one conclusion. See LeBlang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680 (7th Cir. 1998); JN Exploration & Production v. Western Gas Resources, Inc., 153 F.3d 906 (8th Cir.1998); DXS, Inc. v. Siemens Medical Systems, Inc., 100 F.3d 462 (6th Cir.1996). However, when a disputed issue of fact is raised, the determination of the date of accrual of a cause of action for statute-of-limitations purposes is a question of fact to be submitted to and decided by a jury. Id. This Court has written:
“‘Federal courts have interpreted two Supreme Court cases, Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), and United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), to mean that [a] FELA claim accrues, and the statutory period of limitations begins to run, “when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known.” ’
“Chatham v. CSX Transp., Inc., [613 So.2d 341, 344 (Ala.1993)], citing McCoy v. Union Pac. R.R., 102 Or.App. 620, 623-24, 796 P.2d 646, 648 (1990)....
“It is settled that the standard for determining the date of accrual of a FELA cause of action is flexible and that it should be applied on a case-by-case basis. CSX Transp., Inc. v. Maynard, 667 So.2d 642 (Ala.1995). In United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the United States Supreme Court established for FELA cases what has come to be known as the Kubrick test—When did the employee know the facts of injury and causation? In Dubose v. Kansas City Southern Ry., 729 F.2d 1026 (5th Cir.1984), the United States Court of Appeals for the Fifth Circuit stated:
“ ‘The discovery rule developed to avoid mechanical application of statutes of limitations. Thus, we do not read Kubrick as setting an inflexible rule. Instead, we think that the Court intended the discovery rule to be applied in differing fact situations to effectuate the rationale behind the rule.... Wdien a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes' exist and whether medical advice suggests an erroneous causal connection or'otherwise lays to rest a plaintiffs suspicion regarding what caused his injury.’
“729 F.2d at 1031. (Citations omitted.)”
Kindred, 742 So.2d at 157-58. Our supreme court has also stated:
“Together, Urie [v. Thompson, 337 U.S. 163] and [United States v.] Kubrick[, 444 U.S. 111 (1979),] stand for the proposition that a FELA ‘cause of action accrues for statute of limitation purposes when a reasonable [employee] *927 knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause.’ [Fries v. Chicago & Northwestern Transp. Co.,] 909 F.2d [1092,] 1095 [(7th Cir.1990)]. See also Kindred v. Burlington Northern R.R., 742 So.2d 155, 157 (Ala.1999) (‘a FELA cause of action accrues when an injured [employee] knows, or in the exercise of reasonable diligence should know, of facts indicating that the cause of the injury is work-related’).”
Greene v. CSX Transp., Inc., 843 So.2d 157, 159 (Ala.2002).
After reviewing the record in this case, we conclude that CSX failed to make a prima facie showing that no genuine issue of material fact exists as to whether Campbell’s FELA action was barred by the statute of limitations, and therefore the burden of presenting substantial evidence creating such an issue did not shift to Campbell. As mentioned above, CSX based its summary-judgment motion on Campbell’s deposition testimony that he was told in 1992 by his family physician that he had “something on [his] lungs”; that the physician said, “I don’t want to get involved in that”; and that Campbell did not seek a further evaluation from a second physician. Nothing in the phrase, ‘"You’ve got something on your lungs,” indicates that an employee has an occupational disease and that that disease is work-related. The “something on [Campbell’s] lungs” could have been caused by any number of possible maladies. To assume that the “something on [Campbell’s] lungs” was a work-related disease is much too speculative and insufficient to apprise Campbell of “ ‘sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known.’” Chatham v. CSX Transp., Inc., 613 So.2d 341, 344 (Ala.1993), quoting McCoy v. Union Pac. R.R., 102 Or.App. 620, 623-24, 796 P.2d 646, 648 (1990).
CSX argues that in the exercise of reasonable diligence Campbell had a duty to further investigate his physician’s statement that “[y]ou’ve got something on your lungs.” Assuming that the exercise of reasonable diligence imposed a duty upon Campbell to follow up with a second physician, nothing in the record indicates that Campbell was actually suffering from asbestosis in 1992. Although Campbell testified in his deposition that he suffers from shortness of breath and that he has had that problem for a “little while,” no evidence was presented indicating that Campbell was suffering from any symptoms of asbestosis in 1992. Accordingly, we conclude that the trial court erred in finding that Campbell’s FELA action was barred by the applicable statute of limitations.
Campbell also argues that the trial court erred in entering a summary judgment in favor of CSX on his claim seeking damages for emotional distress based on his fear of contracting an asbestos-related cancer. In order to recover damages for emotional distress based on a fear of contracting an asbestos-related cancer, the employee’s fear of contracting the cancer must be “genuine and serious.” Norfolk & Western Ry. v. Ayers, 538 U.S. 135, 157, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003). In support of its summary-judgment motion on this issue, CSX relied upon a portion of Campbell’s deposition testimony in which he testified that he did not remember being diagnosed with asbestosis and that a physician has never told him that he had an increased risk of contracting an asbestosis-related cancer. We conclude that CSX made a prima facie showing that Campbell’s alleged fear of contracting an asbestos-related cancer was not “genuine and serious” and that Campbell failed to rebut that showing. Accordingly, we con- *928 elude that the trial court did not err in entering a summary judgment in favor of CSX on Campbell’s claim seeking damages for emotional distress based on a fear of contracting an asbestos-related cancer.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
CRAWLEY and MURDOCK, JJ., concur.
PITTMAN, J., concurs in part and concurs in the result in part, with writing, which THOMPSON, J., joins.

. An action brought pursuant to the Locomotive Inspection Act is prosecuted as an action under FELA. See Green v. River Terminal Ry. Co., 763 F.2d 805 (6th Cir.1985).

. In support of his postjudgment motion, Campbell presented certain medical records that the trial court struck because those records were available but not submitted in opposition to CSX's motion for a summary judgment. See Ex parte Organized Cmty. Action Program, Inc., 852 So.2d 92 (Ala.2002). One document struck by the trial court indicated that Campbell had been diagnosed with asbestosis on May 14, 2001. However, CSX based its summary-judgment motion, in part, on the pleadings and papers on file with the trial court. Contained in the record is a response by Campbell to an interrogatory propounded to him by CSX, in which Campbell informs CSX that he was diagnosed with asbestosis on May 14, 2001, by Dr. Jay T. Segarra.

. Campbell's deposition was taken on August 15, 2002.