PITTMAN, Judge,
concurring in part and concurring in the result in part.
In Ex parte Wilkerson, 795 So.2d 663 (Ala.2000), the Alabama Supreme Court reversed this court’s affirmance of a summary judgment on an employee’s FELA claim. In that case, the employee was notified in 1984 and 1985 that he had “‘some rounded and irregular opacities laterally in the mid and lower lung zones’” and several symptoms “‘expected in early pulmonary asbestosis,’” 795 So.2d at 665 and 666, and the evidence indicated that, at that time, the employee related his lung dysfunction to his workplace asbestos exposure; however, he did not sue his employer until 1995. The Alabama Supreme Court held in that case that a disputed question of fact was presented concerning the accrual date of the employee’s FELA cause of action, ie., the date “‘when the plaintiff possessed] sufficient critical facts from which the injury and its cause, including its work-relatedness, should [have been] plainly known.’” 795 So.2d at 667 (quoting Kindred v. Burlington Northern R.R., 742 So.2d 155, 157 (Ala.1999)).
If the employee in Wilkerson, who was arguably provided more “critical facts” in 1984 and 1985 regarding a causal connection between his work and his injury than Campbell was provided in 1992, could rebut an employer’s summary-judgment motion by adducing the affidavits of two physicians in which those physicians testified that they had examined the employee and had not diagnosed the employee with “asbestosis,” Campbell is all the more entitled to a reversal here. Accordingly, I concur in the result to reverse the judgment in part; I believe that the accrual date of Campbell’s FELA cause of action must be decided by the trier of fact. As to that part of the main opinion affirming the trial court’s summary judgment in favor of CSX on Campbell’s claim seeking damages for emotional distress based on a fear of contracting an asbestos-related cancer, I concur.
THOMPSON, J., concurs.